EDWARD P. WELLS *vs.* ABIGAIL A. ATKINSON and another.

September 26, 1877.

Sheriff's Certificate of Mortgage Foreclosure Sale—Statement as to Time of Redemption.—A certificate of sale given under chapter 81, tit. 1, § 11, Gen. St., which contains the date of the sale and a recital that said "premises are subject to redemption within the time and according to the statute in such case made and provided," is a sufficient compliance with the statute in regard to stating the time of redemption.

Certificates of Acknowledgment and Authentication to Deeds—How Construed.— In reference to certificates of acknowledgment and authentication to deeds, it is the policy of the law to uphold them, whenever substance is found, and not to suffer conveyances or proof of them to be defeated by technical or unsubstantial objections. In construing them resort may be had to the deed or instrument to which they are appended.

*Real Property—Wrongful Possession—Agency no Defence.—*When both defendants join in wrongfully withholding possession of real property from one entitled to it, that one is acting as agent for the other is no defence for either.

This action was brought to recover possession of certain described premises situated in Meeker county, together with damages for their unlawful detention. The cause was tried in the district court for Meeker county, by *Brown*, J., without a jury. It appeared from the findings of the court that the defendant Abigail A. Atkinson, joined by her husband, mortgaged the said premises to John H. Bartholf; that said premises were sold at public vendue, January 14, 1873, under a power of sale contained in the mortgage, and duly purchased by the said Bartholf; that the sheriff, at the time of such sale, executed and delivered to Bartholf a certain certificate which contained the following clause in relation to the redemption of the land from said sale: "The above described premises are subject to redemption within the time and according to the statute in such case made and provided;" that on May 3, 1876, the said Bartholf conveyed the said premises to the plaintiff in this action, as evidenced by the record of a deed, as such record appears in the office of the register of deeds of said Meeker county; that said deed purported to have been executed in the state of Oregon, and that the certificate of acknowledgment attached thereto, as it appears of record, is in the following words:

*State of Oregon, County of Grant—ss.:*

I, Wm. F. McLoud, a justice of the peace within and for said county, do hereby certify that on this third day of May, A. D. 1876, personally came before me John H. Bartholf and Emma C. Bartholf, his wife, to me well known to be the same persons described in and who executed the foregoing instrument, and acknowledged that they executed the same freely and voluntarily, for the uses and purposes therein expressed.

WM. F. McLOUD,
Justice of the peace of Grant county, Oregon.

That it further appeared by the said record that there was appended to the above certificate of acknowledgment a certain certificate of authentication in the following terms:

*State of Oregon, County of Grant—ss:*

I, James Robinson, county clerk of the county of Grant, state of Oregon, and clerk of the county court of said Grant county, (which is a court of record,) do hereby certify that Wm. F. McLoud, whose name is subscribed to the annexed deed, was, at the date of the same, and is now, a justice of the peace in and for said Grant county, duly commissioned, and qualified, and authorized by law, and full faith and credit are due to all his official acts as such, and I do further certify that the signature attached to the annexed instrument is genuine.

In witness whereof I have hereunto set my hand and affixed the seal of said county court, at my office in Oregon City, Grant county, Oregon, this sixth day of May, A. D., 1876.

JAMES ROBINSON,

[L. S.]　　　　　　County clerk, and clerk of the county court of Grant county, Oregon.

That the defendant Abigail A. Atkinson continued in the actual possession of the said lands up to the time of the commencement of this action, and that her husband, the defendant James B. Atkinson, occupied the same in her supposed right, and as her agent, claiming no present right therein himself. And further, that prior to this action the plaintiff had demanded possession of the premises, and the defendants had refused to surrender the same. The court accordingly found, as conclusions of law, that the possession of the defendants was wrongful, and that the plaintiffs were entitled to immediate possession, together with damages for the use and occupation of the land. Judgment was entered in accordance therewith, and from this judgment the defendants appealed.

*Belfoy & Spooner* and *A. C. Smith,* for appellants.

*Strobeck & Plumley* and *Geo. L. & Chas. E. Otis,* for respondent.

CORNELL, J. 1. On a sale of real property, under a power of sale in a mortgage, the officer making it is required to give to the purchaser a certificate "containing," among other things, the "date of the sale," and "the time allowed by law for redemption." Gen. St. *c.* 81, tit. 1, § 11. Instead of this, the certificate in the case before us contains the statement that "the above described premises are subject to redemption within the time and according to the statute in such case made and provided." Though the statute in this regard be anything more than directory, it can hardly be supposed that the legislature intended to impose upon an officer the duty of ascertaining in advance how many persons might become redemption creditors, by filing the requisite notice of intention to redeem within the year next after the sale, as would be necessary in order to give the exact time when, in the particular case, the period of redemption would expire, and the title under the sale become absolute; or to make an accurate performance of this duty, and a correct statement of the result in the certificate, a requisite essential to its validity. The only conceivable reasonable purpose of this provision of the statute, taken in connection with the other facts required to be stated in such certificate, is to enable a party, from its inspection, to determine the character of the sale evidenced by it, and to ascertain when and upon what terms it will become operative as an absolute conveyance. In this case the date of the sale and all the other facts which such certificate is required to contain are correctly given. The fact that the sale was one under a power of sale contained in a mortgage therein described and subject to redemption is disclosed, and it is further stated that such redemption must be made within the time and according to the statute in such case made and provided. Every one is presumed to know the statute; and, as that is definite and certain which can be made so, the statement in the certificate must be deemed a

substantial compliance with the statute in this regard, and sufficient.

2. It is objected to the record of the deed from Bartholf to respondent, which purports to have been executed and acknowledged before one Wm. F. McLoud, as justice of the peace, in the state of Oregon, in May, 1876, that the authentication of the certificate of acknowledgment by the clerk of the court was insufficient to authorize such record, in this: that the clerk does not certify that he knows the signature of the justice, nor does he certify to the genuineness of it to such acknowledgment, or his belief therein, but merely that "the signature attached to the annexed instrument is genuine," without specifying what instrument or signature is referred to.

The statute, in force at the time, required the certifying officer to certify "that the person whose name is subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he is therein represented to be; that he is acquainted with the handwriting of such person, and that he verily believes the signature subscribed to the certificate of acknowledgment to be genuine." Gen. St. *c.* 40, § 9, as amended by Gen. Laws 1868, *c.* 61. A liberal rule of construction prevails as to statutes of this character, and certificates given under them, both of acknowledgment and authentication, and in ascertaining their meaning resort may be had to the whole deed or instrument to which they are appended or refer. "It is the policy of the law," as clearly manifested in this state by repeated and almost annual curative acts upon the subject, "to uphold certificates of this character whenever substance is found, and not to suffer cognizance or proof of them to be defeated by technical or unsubstantial objections." Hence, obvious clerical errors, whether arising from ignorance or inadvertence, misnomers of the instrument certified to, and all purely technical omissions and defects, are to be disregarded. As said by the court in *Harrington* v. *Fish, infra*, "the certificate of authentication is no part of the conveyance, and not the act of either party to it, but only evidence in regard to its execution and acknowl-

edgment, and, like all other evidence, should be reasonably considered and construed." *Ives* v. *Kimball*, 1 Mich. 316; *Harrington* v. *Fish*, 10 Mich. 415; *Carpenter* v. *Dexter*, 8 Wall. 513; *McClure* v. *McClung*, 53 Mo. 173; *Hill* v. *Gettings*, 2 Har. & J. (Md.) 380; *Calumet, etc., Co.* v. *Russell*, 68 Ill. 426.

The deed in this case, or a copy of it, is not before us. It is not claimed by counsel that the name of the justice subscribed to the certificate of acknowledgement appears either in or appended to the deed as a party, witness, or otherwise, or that it appears subscribed to anything except the certificate of acknowledgment; and from the findings of the court such must be assumed to be the fact. The reference, then, in the certificate of authentication to "the annexed deed," to which the name of Wm. F. McLoud was subscribed, as is certified, was obviously a misnomer for the certificate of acknowledgment, and it is equally manifest that reference was had to the same certificate of acknowledgment by the concluding clause, "I do further certify that the signature attached to the annexed instrument is genuine." In making this certificate the clerk was engaged in performing the duty of authenticating the official act of the magistrate in taking the acknowledgment, and the genuineness of his signature thereto, and it is not to be presumed that he failed in the performance of this duty by omitting to certify to the genuineness of such signature, and instead certified to some other instrument. The unqualified and positive affirmation that the magistrate's signature to the certificate of acknowledgment is genuine, necessarily implies, on the part of the clerk, both a knowledge of the handwriting in this particular case, and his belief in its genuineness. The object of the statute was attained, and the decision of the court below upon this point was correct.

3. It appears, from the findings, that the possession of the premises was wrongfully withheld from the plaintiff by both defendants. As both participated in the wrongful act, both were liable, and the fact that one was acting as an agent for the other afforded no protection.

Judgment affirmed.