SCOTTEN v. FEGAN ET AL.

1. **Notary Public**: LIABILITY FOR FALSE CERTIFICATE OF ACKNOWL-
EDGMENT. The liability of an officer for making a false certificate of
acknowledgment is fixed by statute, and, to become liable therefor under
the statute, he must make the false certificate, not only negligently, but
"knowingly." Code, § 1964.

*Appeal from Des Moines District Court.*

FRIDAY, DECEMBER 7.

ACTION upon an official bond given by the defendant,
Fegan, as notary public. The other defendants are sureties
upon the bond. The petition shows that Fegan took the
acknowledgment of a forged mortgage given to secure a note
which was forged; that the note purported to be executed by

one Joseph Cresop; that the mortgage was executed by a man who claimed to be Joseph Cresop, the owner of the land, and by a woman who claimed to be his wife, but who were not the persons they claimed to be; that the plaintiff purchased the note and mortgage of one who was named therein as payee and who endorsed the note to the plaintiff without recourse. The liability of Fegan and his sureties·is alleged to consist in the fact that he "wrongfully, falsely, negligently, and carelessly executed and issued his official certificate of acknowledgment," etc. The defendants demurred to the petition upon the ground that it does not state that Fegan knowingly misstated any material fact. The court sustained the demurrer, and the plaintiff electing to stand upon his petition, judgment was rendered for the defendants for costs. The plaintiff appeals.

*Hall & Huston*, for appellant.

*Poor & Baldwin*, for appellee.

ADAMS, J.—Although the plaintiff avers that Fegan *falsely* executed and issued his certificate, it is not claimed by him that his averment shows that Fegan acted in bad faith. We shall take the averment to mean, then, merely that Fegan made a false certificate as the result of negligence. So construing it, we have to say that in our opinion the petition is not sufficient.

The liability, as we view it, is a statutory one, and only such. We do not say that there would be no liability in the absence of a statute, but, there being a statute, the liability, we think, must be held to exist by reason· of it, and not to be greater or less than the statute provides. In the statute we find it defined in these words: "Any officer who knowingly misstates a material fact in either of the certificates above contemplated shall be liable for all damages," etc. The petition, we think, cannot be held to be sufficient, unless an averment that one *negligently* misstated a material fact is

equivalent to an averment that he *knowingly* misstated a material fact; and no one would claim that it is.

What should be deemed *knowingly misstating a material fact* is a different question. Fegan's certificate states (as was necessary) that the persons executing the mortgage were personally known to him. Counsel upon each side have made a very able argument upon the question as to when a person can properly be said to be personally known to another. The question is not free from difficulty. Personal knowledge of this kind shades off into that which cannot properly be deemed such.

But the question before us is simply one of pleading. The plaintiff, we think, should by his averment have brought himself within the language of the statute. What evidence would support the averments would be a question to be determined upon the trial. We think that the demurrer was properly sustained.

. AFFIRMED.