Benjamin F. Ferris and another *vs.* William A. Boxell and others.

November 21, 1885.

Evidence—Payment—Receipt.—A receipt given by a third person is not evidence of the fact of payment against one who is a stranger to the transaction.

Same — Effect of Acknowledged Writing. — Gen. St. 1878, c. 73, § 67, merely dispenses with other proof of the *execution* of an instrument when it is proved or acknowledged in the manner provided for proving or acknowledging conveyances of real estate. It does not make the instrument competent as evidence for any purpose for which it would not be competent at common law.

On May 8, 1883, one R. J. Boxell, as principal, and these plaintiffs as sureties, made and delivered to one Frank Gray their bond in the penal sum of $1,000, conditioned, among other things, that said R. J. Boxell should perform his duties as agent for said Gray and account for all moneys collected by him. On the same day these defendants agreed in writing to become responsible to plaintiffs for all losses they might sustain on account of signing the bond of R. J. Boxell. Thereafter Gray brought suit on the bond against R. J. Boxell and the plaintiffs, to recover moneys alleged not to have been accounted for by R. J. Boxell, and thereafter the plaintiffs brought suit against the defendants upon their agreement to be responsible for losses sustained on account of signing the bond. While both of these actions were pending and undetermined, these defendants made an agreement in writing (referred to in the opinion as Exhibit A) with the plaintiffs, which, after reciting the above facts, was in the following words, viz.:

"Now therefore, we, the subscribers hereto, do each and all agree, jointly and severally, in consideration of the sum of one dollar to each of us in hand paid by said Benjamin F. Ferris and Archibald D. McLeod, the receipt of which sum we do each, respectively, for ourselves hereby confess and acknowledge, and in further consideration that the said Benjamin F. Ferris and Archibald D. McLeod shall and will dismiss their said action against us and allow the said R. J. Boxell to defend the said action of said Frank Gray on said bond, that we will fully indemnify and save harmless the said Benjamin F. Ferris and Archibald D. McLeod from and against, and pay to them on demand, any and all sums recovered against them or either of them on said bond, and any and all sums whatsoever that they or either of them may have been or may hereafter be liable for by reason of signing said bond, any action thereon, and any and all acts done by said R. J. Boxell upon or under or by reason of said bond or the terms thereof; and we do each further jointly and severally agree that an action to recover any or all of the sums aforesaid may be brought and maintained by said Benjamin F. Ferris and Archibald D. McLeod, or either of them, hereon at any time within one year from the final determination, upon appeal or otherwise, of the action or actions now com-

menced, or that may hereafter be commenced, by said Gray or any other person or persons upon said bond, or against said Benjamin F. Ferris and Archibald D. McLeod, or either of them, by reason of having signed said bond." (Dated, signed and sealed.)

In accordance with this agreement, the action against the defendants was dismissed. Thereafter judgment was rendered in favor of Gray in his action against R. J. Boxell and these plaintiffs, and thereupon these plaintiffs brought this action in the district court for Ramsey county upon the agreement above set out, alleging payment by them of the Gray judgment. This payment was put in issue by the answer. On the trial before *Brill*, J., without a jury, the only evidence of payment of the Gray judgment introduced by plaintiffs was the assignment thereof referred to in the opinion. The court, on defendants' motion, dismissed the action. Plaintiffs appeal from an order refusing a new trial.

*Comfort Brothers*, for appellants.

*Linden & Williams*, for respondents.

MITCHELL, J. As to the main cause of action it is conceded by plaintiffs that, in order to recover, it was incumbent upon them to prove that they had paid the judgment in favor of Gray against R. J. Boxell. The only evidence which they offered to prove that fact was a written assignment of the judgment to them by Gray, which recited that it was executed "in consideration of $800, to him paid by plaintiffs, the receipt whereof is hereby acknowledged."

Assuming that the taking of this assignment, if plaintiffs actually paid the money, was equivalent to paying the judgment, still it is clear that the receipt contained in this instrument was incompetent, as against the defendants, as evidence of the fact of payment. It was *res inter alios acta*. A person's receipt is not alone evidence to prove payment against a third party. There are cases (not necessary here to be specified) where a receipt by a third party, in connection with other facts, may be competent evidence; for example, when the person to whom the payment is made is pointed out by law, as in the case of the payment of taxes to a public officer. So, perhaps, when the person to whom the payment is to be made is designated by the contract of the defendant, as in the case of an order on the

plaintiff iu favor of such person. But in this case the receipt *simpliciter* of a stranger was offered to prove the fact of payment against defendants. It was clearly incompetent.

Plaintiffs, however, invoke, as establishing a different rule, Gen. St. 1878, *c.* 73, § 67, which provides that every written instrument, (with certain specified exceptions,) if proved or acknowledged in the manner provided for taking the proof or acknowledgment of conveyances of real estate, shall be entitled to be read in evidence in all courts of justice. They entirely misapprehend the purpose and effect of this statute. It merely obviates the necessity of other proof of the *execution* of the instrument, but does not make it admissible for any purpose for which it would not have been admissible at common law when its execution had been first duly proved.

There being no other evidence offered to prove the *fact* of payment, all testimony as to good faith on part of plaintiffs was entirely immaterial, and hence properly excluded.

Plaintiffs, however, contend that they had at least made out a cause of action as to the $80 attorney's fees and expenses. There are at least two reasons why they were not entitled to recover any part of the sum: *First.* Assuming that defendants would be liable for attorney's fees and expenses incurred by plaintiffs in defending the action on the bond brought by Gray, we can find nothing in their agreement (Exhibit A) obligating them to pay attorney's fees and expenses incurred by plaintiffs in commencing the former action against them; and there is no evidence to show what part of this $80 was incurred in the one action and what part in the other; nothing furnishing any basis on which to apportion the amount between the two. *Secondly.* The plaintiffs merely proved the fact that they paid this sum. There was no evidence as to the value of these attorney's services, or that these expenditures were necessary or proper to be made.

The action was, therefore, in our judgment, properly dismissed.

Order affirmed.