## BROWNE v. DOLAN ET AL.

1. **Notary Public:** FALSE CERTIFICATE OF ACKNOWLEDGMENT: LIA-BILITY ON BOND. Action on a notary public's bond for damages sustained on account of a false certificate of acknowledgment. But, as the evidence failed to show that the name of the person was not what the notary certified it to be, and failed to show that the notary knowingly misstated any material fact in the certificate, *held* that no recovery could be had. (Code, § 1964; *Scotten v. Fegan*, 62 Iowa, 236.)

*Appeal from Lee District Court.*

THURSDAY, APRIL 22.

THIS is an action at law upon the official bond of the defendant Dolan, given for security for the faithful perform-

ance of his duties as a notary public. It is alleged that on the first day of November, 1881, Dolan took the acknowledgment of a mortgage purporting to be given by Fredreick Ball to one Charles P. Orr; that he certified in the certificate of acknowledgment that said Ball was personally known to him to be the identical person whose name was affixed to the mortgage, and that when Dolan took said acknowledgment he had never seen the party acknowledging the same until that day, and knew that he was making a false certificate of acknowledgment; that the fact was that the person who appeared before said Dolan was not said Frederick Ball; that plaintiff afterwards purchased said mortgage, supposing it to be a genuine instrument, and relying upon said certificate of acknowledgment that said mortagae was given by Frederick Ball; that the real estate described in the mortgage was owned by Frederick Ball at the time the mortgage was given, and that Dolan knowingly certified to said acknowledgment when he knew it was false. The plaintiff demanded judgment for $600, the amount of the mortgage. The defendants answered by a general denial. There was a trial by jury, which resulted in a verdict and judgment for the defendants. Plaintiff appeals.

*D. W. Sprague*, for appellant.

*Anderson Bros. & Davis*, for appellees.

ROTHROCK, J.—There is some controversy as to whether the appeal was taken in proper time, and whether the record, as made by appellant, is sufficient to authorize us to determine the appeal upon its merits. We have some doubt upon these questions, and, as the conclusion we have reached does not require their consideration, we will not determine them, but dispose of the case on the theory that the appellant is entitled to a hearing. Subdiv. 2, § 1958, Code, provides that the officer taking the acknowledgment of a deed or other instrument in writing must indorse thereon a certificate set-

ting forth that the person making the acknowledgment was personally known to the officer to be the identical person whose name is affixed to the deed or instrument as grantor, or that such identity was proved by at least one credible witness, naming him; and section 1964 provides that "any officer who knowingly misstates a material fact in either of the certificates above contemplated shall be liable for all damages caused thereby.   *   *   * "   The district court was of the opinion that the evidence in the case did not warrant a verdict for the plaintiff, and, under direction of the court, a verdict was returned for the defendants. The case, then, involves the single question whether this action or ruling of the court was erroneous. We think the ruling of the court was correct. There is no evidence that Dolan knowingly misstated a material fact in the certificate. It does not even appear that the true name of the person who signed the mortgage was not Frederick Ball. What the plaintiff complains of is that the person who signed the mortgage was not the owner of the land. The law does not make the officer a guarantor that the title of the land is in the person who signs the mortgage. It is unnecessary to set out or discuss the evidence. The case is fully within the rule of *Scotten v. Fegan*, 62 Iowa, 236.

AFFIRMED.