BRUNSWICK-BALKE-COLLENDER COMPANY *vs.* WINSLOW M. BRACKETT.

June 1, 1887.

**Acknowledgment—Clerical Errors.**—In order to uphold a certificate of acknowledgment, resort will be had, if necessary, to the whole instrument to which it is attached, and, whenever substance is found, obvious clerical errors and technical omissions will be disregarded.

**Same—Form of Certificate.**—Where the statute merely requires an instrument to be acknowledged, without prescribing any form of certificate, or providing what it shall contain, it is sufficient if it fairly appears therefrom that the person who executed the instrument appeared in person before the officer, and acknowledged it as his act and deed.

**Pleading—Averment of Title.**—An allegation that a person executed a mortgage "whereby he mortgaged" certain property, implies that he owned it, or at least had a mortgageable interest in it.

**Same—Complaint for Conversion—Averments of Value and Damage.** In an action for damages for the wrongful conversion of personal property it is not necessary that the complaint allege the value of the property, if it contain a proper allegation as to the amount of plaintiff's damages.

Appeal by defendant from an order of the municipal court of Minneapolis,. overruling a demurrer to the complaint. The action is

brought to recover for the taking and conversion, by the defendant, of certain personal property. The complaint sets out the interest of the plaintiff as that of a mortgagee, a copy of the mortgage being attached, and the certificate of acknowledgment being as stated in the opinion.

*C. A. Ebert* and *John H. Long*, for appellant.

*A. B. Jackson*, for respondent.

MITCHELL, J. The statute provides "that no mortgage of goods or chattels shall be notice of any fact, as against the creditors of the mortgagor, etc., *unless the same is acknowledged before some officer authorized to take acknowledgment of deeds.*" Gen. St. 1878, *c.* 39, §§ 3, 5. Objection is made to the sufficiency of the certificate of acknowledgment attached to the chattel mortgage under which plaintiff claims title. This certificate, under the hand and seal of the notary, is as follows: "*State of Minnesota, Hennepin County—ss.:* I, Robert Christensen, a notary public in and for said county, do hereby certify that this mortgage was duly acknowledged before me by the above-named J. H. *Hennepin*, the mortgagor therein named, and entered by me this twenty-sixth day of June, 1885." J. H. Huntington is named as mortgagor in the body of the instrument, which purports to be executed by him, his signature immediately preceding the certificate. It is the policy of the law to uphold certificates of this character, and for that purpose resort will be had, if necessary, to the whole instrument to which they are attached. Whenever substance is found, obvious clerical errors, and all technical omissions or defects, will be disregarded. *Wells* v. *Atkinson,* 24 Minn. 161; *Carpenter* v. *Dexter,* 8 Wall, 513, 528; *Chandler* v. *Spear,* 22 Vt. 388, 407. The statute prescribes no form for a certificate of acknowledgment of a chattel mortgage. It nowhere requires the officer taking the acknowledgment to expressly assert actual knowledge by him of the identity of the person appearing before him with the person who executed the instrument. That is implied in his certificate that it was acknowledged by the mortgagor; and an acknowledgment by a person that he executed an instrument implies that he executed it voluntarily. The only provision of the statute on the subject is that the instrument be acknowledged before some officer authorized to take acknowledg-

ments of deeds. No particular form of certificate being required, it is sufficient if the fair import of it is that the mortgagor appeared in person before the officer, and acknowledged that the instrument was his act and deed. *Sanford* v. *Bulkley*, 30 Conn. 344. These facts clearly appear from the language of this certificate when read in connection with the mortgage itself. It is perfectly evident that the word "Hennepin" is a mere clerical error.

2. It is urged that the complaint does not show that plaintiff had any interest in the property, in that it contains no general allegation of his ownership, and does not allege that Huntington was the owner when he executed the mortgage. It does allege, however, that Huntington executed and delivered to plaintiff a chattel mortgage "whereby he mortgaged to plaintiff" the personal property in question, to secure a debt. We think this implies that he owned, or at least had a mortgageable interest in, the property; for otherwise he could not mortgage, which means to convey property as security for a debt or other engagement. See *La Grange Mill Co.* v. *Bennewitz*, 28 Minn. 62, (9 N. W. Rep. 80.)

3. It is also contended that the complaint is defective because it contains no allegation of the value of the property. The action is one for damages for wrongful taking and conversion. In such an action the essential allegations are (1) the description of the property converted; (2) the plaintiff's right to the same; (3) the wrongful conversion; and (4) the damage sustained by plaintiffs. The value of the property is usually the measure of damages, and proof of value is the usual means of establishing the amount of damages. But while it is usual, as well as better form, to allege the value in actions of this kind, yet this is not essential, if the pleading, as in this case, contains a proper allegation as to the amount of plaintiff's damages. An allegation of value only goes to the *quantum* of damages. *Gould* v. *Brown*, 9 N. J. Law, 165; *Connoss* v. *Meir*, 2 E. D. Smith, 314.

This pleading is not to be commended as a precedent, being exceedingly inartistic, yet we think it states a cause of action.

Order affirmed.