(Opinion published 52 N. W. Rep. 906.)

---

CHARLES McMILLAN *vs.* PETER EDFAST, (M. NYBERG, Claimant.)

Submitted on briefs July 1, 1892.   Decided July 7, 1892.

Execution of an Assignment is Proved by an Acknowledgment.

The acknowledgment of an instrument in the manner prescribed in 1878 G. S. ch. 73, § 67, dispenses with any other proof of its execution.

Proof of Fraud, Burden of.

The burden is upon the creditor, who assails an assignment of property as having been made with intent to defraud creditors, to prove the fraud.

Appeal by M. Nyberg, claimant, from an order of the Municipal Court of the City of St. Paul, *Cory,* J., denying his motion for a new trial.

Charles McMillan, plaintiff, commenced this action April 29, 1891, in a justice court in St. Paul against Peter Edfast, defendant, to recover $28.49, and he at the same time filed his affidavit that the Northern Pacific Railroad Company, garnishee, was indebted to Edfast in a sum exceeding $25 for services in April, 1891. A garnishee summons was issued and served on the railroad company and it appeared by an officer and disclosed that it was indebted to Edfast $102.74 for services rendered by him in the month of April, 1891, and that M. Nyberg of Missoula, Montana, had an assignment of the claim. The justice gave judgment for the plaintiff against Edfast and against the railroad company as garnishee. The garnishee appealed to the Municipal Court of the City of St. Paul where Nyberg was made a party, and filed his complaint as claimant, and on the trial produced and offered in evidence the assignment made by Edfast to him on April 13, 1891. The assignment was acknowledged before a Notary Public in Missoula County, Montana, April 14, 1891. The judge rejected the evidence on the ground that the execution of this assignment by Edfast was not sufficiently shown, and made findings, ordered judgment for plaintiff and against the garnishee.

*J. A. Gardner*, for appellant.

*Jno. H. Ives*, for respondent.

MITCHELL, J. It appeared from the disclosure that Nyberg claimed the money in the hands of the garnishee by virtue of an assignment from the defendant prior to the service of the garnishee summons. The court, therefore, properly ordered that Nyberg be made a party, and notified to appear and maintain his right to the money. Nyberg did appear, and pleaded, claiming the money by virtue of a prior assignment from the defendant. To this the plaintiff answered that, if any such assignment was made, it was without consideration, and with intent to defraud the creditors of Edfast. Upon the trial of this issue the claimant offered in evidence what purported to be a written assignment of the money to him, executed by Edfast, and acknowledged before a notary public in the manner provided for taking the acknowledgment of conveyances of real estate, with the certificate of the notary attached. Upon the objection of the plaintiff,

the court excluded the instrument on the ground that its execution was not proved. No other evidence was offered or introduced; whereupon the court ordered judgment in favor of the plaintiff.

The exclusion of the written assignment was manifest error.

The acknowledgment of the instrument in the manner described dispensed with any other proof of its execution. 1878 G. S. ch. 73, § 67; *Ferris* v. *Boxell*, 34 Minn. 262, (25 N. W. Rep. 592;) *Ellingboe* v. *Brakken*, 36 Minn. 156, (30 N. W. Rep. 659.)

This instrument, if admitted in evidence, would have established an assignment of the money to the claimant, Nyberg, valid between the parties, and also as to plaintiff, unless he proved the allegation of his answer that it was made with intent to hinder, delay, and defraud the creditors of the defendant, Edfast. The burden of proving this was upon the plaintiff. Unless the assignment was made under circumstances that would render it voidable as to creditors, it would be valid, although it was a mere executed gift. It was not incumbent, therefore, on Nyberg, in the first instance, either to prove that he paid a valuable consideration, or to disprove the fraud alleged by plaintiff. Where, as in this case, the instrument is valid on its face, the rule is elementary that the burden of proof rests upon the creditor to prove the fraudulent intent. The "chattel mortgage cases" cited are not in point, as they are governed by the special express provisions of the statute.

Order reversed, and new trial ordered.