J. MORGAN BENNETT, Assignee, v. GEORGE H. KNOWLES, Constable.[1]

July 17, 1896.

Nos. 10,094—(285).

Assignment for Benefit of Creditors—Acknowledgment.

Every assignment for the benefit of creditors, whether made under the assignment or insolvency laws of the state, is void, unless duly acknowledged.

Same—Acknowledgment by Corporation.

The acknowledgment of a deed for a corporation can only be made by some officer or representative who has authority to execute it for the corporation; and the certificate thereof must either substantially follow the form prescribed by statute, or, if some other form is used, it must appear prima facie from such certificate, when read in connection with the deed, that the person making the acknowledgment was authorized to execute the deed for the corporation.

Same.

Rule applied to the deed of assignment for the benefit of creditors in question in this case, and held that such deed was not duly acknowledged, and is therefore void.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Affirmed.

[1] Reported in 68 N. W. 111.

*Robert Gallagher*, for appellant.
*Herbert E. Day*, for respondent.

START, C. J.   The plaintiff, claiming to be the assignee of the New Columbian Athletic Club, a corporation, by virtue of an assignment alleged to have been made by it to him for the benefit of its creditors under the insolvency laws of the state, brought this action to recover from the defendant the value of certain personal property of the corporation, which he had, as a constable, levied on by virtue of an execution against it.   The making of the assignment was put in issue by the answer.   The trial court found that no assignment was made by the corporation, and ordered judgment for the defendant, and the plaintiff appeals from an order denying his motion for a new trial.

The principal question discussed on this appeal, and the only one which it is necessary for us to consider, is whether the alleged deed of assignment was acknowledged as required by statute.

Every assignment for the benefit of creditors, whether made under the assignment or insolvency laws of the state, is void, unless duly acknowledged.   G. S. 1894, §§ 4227, 4240; De Graw v. King, 28 Minn. 118, 9 N. W. 636.   It is true, as claimed by plaintiff, that, unless otherwise provided by statute, an acknowledgment is no part of a written instrument, and that it is valid, although not recordable, without it.   But the statute has declared that assignments for the benefit of creditors must be acknowledged, or they are void.   Whatever doubt there may have been as to whether assignments under the insolvency law of 1881 were within this rule, after the decision in the case of Simon v. Mann, 33 Minn. 412, 23 N. W. 856, in 1885, was put at rest in 1889, when the insolvency law was amended so as to expressly require assignments made under it to be acknowledged in accordance with the laws relating to assignments for the benefit of creditors.   If, then, the acknowledgment here in question is sufficient, the assignment is valid; otherwise it is void.

A certificate of acknowledgment should be liberally construed and upheld, if it contains substantially all that is essential to a good acknowledgment, and the deed or the proof of it should not be defeated by technical objections.   Wells v. Atkinson, 24 Minn. 161; Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214. While this is true, yet in construing the certificate the object of an ac-

knowledgment, and its essential elements, cannot be disregarded. One object of an acknowledgment is to entitle the instrument to be recorded, but the primary purpose is to make the instrument competent evidence without further proof of its execution. Ferris v. Boxell, 34 Minn. 262, 25 N. W. 592; McMillan v. Edfast, 50 Minn. 414, 52 N. W. 907. The statute accomplishes this purpose by providing for taking and certifying, in connection with the instrument, the proof of its execution by an officer duly authorized by law so to do. Such proof consists in the party who executed the instrument, and who is described therein, acknowledging—that is, formally admitting—before the officer that he did in fact execute the instrument, and thereupon the officer certifies such proof upon, or attaches it to, the instrument. It necessarily follows that there are two essential elements to a valid certificate of acknowledgment. They are the identity of the party executing the instrument, and his acknowledgment or admission that he did execute it. Unless each of these facts appears on the face of the certificate, or from it, when it is read in connection with the instrument, the proof of the execution of the instrument fails, so far as it depends on the acknowledgment, and the certificate is void. There is, in such a case, no acknowledgment, because the certificate does not prima facie establish the fact that the party making the admission as to the execution of the instrument was the person described in, and who in fact executed, it.

Where the deed or other instrument is executed by or on behalf of an individual, there is but little difficulty in establishing before the officer the identity of the party described therein, and who executed it, for, as a rule, such fact is personally known to such officer, but where the deed is executed by a corporation the difficulty is greatly increased. The acknowledgment for the corporation can be made only by some officer or representative who has authority to execute such instrument in its behalf,—a fact not generally within the personal knowledge of the officer taking the acknowledgment. It is nevertheless essential to the validity of such acknowledgment that it appear prima facie from the officer's certificate, when read in connection with the deed, that the person making the admission or acknowledgment as to the execution thereof was authorized to execute it for the corporation. If the certificate fails in this particular, the proof of the execution fails, precisely as it would in the case of the deed of an individual

if the officer failed to certify as to the identity of the party acknowledging it.

If the acknowledgment here in question had followed the statutory form, there could be no question as to its sufficiency. It would then have appeared on the face of the officer's certificate, prima facie, that the person making the acknowledgment was authorized to execute the instrument for the corporation. G. S. 1894, § 5650. This statute, while it is not mandatory, and need not be strictly followed, yet prescribes a certain and practicable method of making proof of the execution of a deed by a corporation before the proper officer, and certifying the same on the instrument, so that such certificate or acknowledgment will prima facie prove the execution of the deed. If any other form is adopted, the certificate must state all that is necessary to show a valid acknowledgment. No material fact can be omitted. It must show, on its face, or in connection with the deed, that the person making the acknowledgment was the person who was prima facie authorized to execute it.

Where a corporation has a common corporate seal, distinctively its own, and it is affixed to an instrument purporting to be executed by the corporation, the seal itself is prima facie evidence that it was affixed by proper authority and that the officers or agents executing the instrument for the corporation were authorized so to do. Morris v. Keil, 20 Minn. 474 (531); Bowers v. Hechtman, 45 Minn. 238, 47 N. W. 792. In such cases, if the certificate of acknowledgment shows the identity of the parties executing the instrument for the corporation, and that they acknowledged its execution, it is sufficient, because, when read in connection with the instrument bearing the corporate seal, the proof of the execution of the instrument as certified is prima facie complete. But the deed of assignment here in question has no corporate seal affixed. The evidence is undisputed that the corporation has no corporate seal. Therefore the question whether the acknowledgment of this assignment proves prima facie its execution must be determined solely from the officer's certificate.

The deed in question contains no recitals to the effect that the assignment is made by the authority of the directors or stockholders of the corporation, or that any officer or person is authorized to make it. The parties to the deed are designated therein as the New Columbian Athletic Club, party of the first part, and the plaintiff as the

party of the second part.    The conclusion and signatures are as follows:

"In testimony whereof, said party of the first part has hereunto set their hand and seal the day and year above written.
                    "The New Columbian Athletic Club.    [Seal.]
                    "W. A. Dunlap, President.    [Seal.]"

Then follows the certificate of acknowledgment, which, omitting the venue, and official signature and seal, is in these words:

"On the 15th day of July, A. D. 1895, before me, a notary public within and for said county, personally appeared W. A. Dunlap, *who acknowledged that he is president of the within corporation, and that he signed the foregoing deed as its president, and that he has been duly authorized to sign the same by the board of directors of said corporation,* to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed."

It is to be observed that the officer taking the acknowledgment certifies that W. A. Dunlap appeared and acknowledged that he is president of the corporation, and signed the deed as such, and that he was authorized by the directors to sign the same; that is, he admits or acknowledges these facts before the officer, but he does not prove them by his oath, as the statute requires.    Neither does the officer certify that Dunlap is known to him to be such president, and authorized to execute the deed for the corporation, nor to any other fact which would show prima facie, in the absence of the corporate seal on the deed, that the person making the acknowledgment was authorized to execute the deed.    That part of the certificate printed in italics is surplusage, and if that part is eliminated from the certificate it reads:

"On this 15th day of July, A. D. 1895, before me, a notary public within and for said county, personally appeared W. A. Dunlap, * * * to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed."

He is not described in.the deed, and it is not possible, by any reasonable construction of this certificate, however liberal, to spell out, in the absence of the corporate seal, the essential requisites of a valid acknowledgment of a deed by a corporation, as we have defined them.    The officer's certificate of the acknowledgment of the deed of

assignment in this case does not prima facie prove its execution; hence the deed was not acknowledged.

Order affirmed.