NELSON P. LARSON v. JOSEPH ELSNER and Others.[1]

November 18, 1904.

Nos. 13,980—(4).

**Certificate of Acknowledgment.**
    The following certificate of acknowledgment to the assignment of a mortgage was filled out by the notary upon a printed form, the name of the assignor being omitted from the blank space provided for that purpose:
"State of Minnesota
     County of Hennepin, ss.
     On this 17th day of November, A. D. 1892, personally came before me ——— to me personally known to be the identical person, described

[1] Reported in 101 N. W. 307.

in and who executed the foregoing instrument, and acknowledged that he executed the same for the uses and purposes therein expressed and as his own free act and deed.                                    William B. Tuttle,
                                                                      Notary Public,
                                                              Hennepin County, Minn."

*Held,* it appears with reasonable certainty from the face of the certificate that the party executing the instrument came before the notary and acknowledged its execution, and that the certificate is in substantial compliance with the statute.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott J., denying a motion for a new trial.    Affirmed.

*S. R. Child,* for appellant.

*E. W. Gray,* for respondents.

LEWIS, J.

The only question in this case is the sufficiency of the acknowledgment to the assignment of a mortgage as follows:

State of Minnesota
        County of Hennepin, ss.

On this 17th day of November, A. D. 1892, personally came before me ——— to me personally known to be the identical person described in and who executed the foregoing instrument, and acknowledged that he executed the same for the uses and purposes therein expressed and as his own free act and deed.

                                                      William B. Tuttle,
                                                        Notary Public,
Notarial seal.                            Hennepin County, Minn.

This certificate is substantially the same as required by section 5650, G. S. 1894, and the only defect claimed to exist is that the name of the person acknowledging the instrument is not inserted. A liberal rule of construction prevails as to statutes of this character, and resort may be had to the whole deed or instrument in order to ascertain the meaning of the certificate of acknowledgment. Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214; Wells v. Atkinson, 24 Minn. 161; Rodes v. St. Anthony & Dakota Elevator Co., 49 Minn. 370, 52 N. W. 27.    In Bennett v. Knowles, 66 Minn. 4, 68 N. W. 111,

the rule of liberal construction is reiterated, and emphasis is placed upon the two essential elements to a valid certificate of acknowledgment—the identity of the party executing the instrument, and his acknowledgment or admission that he did execute it.

Does the certificate under consideration bear the test? We are not warranted in assuming that the execution of the certificate by the notary public, with the seal attached, at a specified date, was an idle ceremony. The mere fact that the name of the assignor is omitted from the certificate does not render it uncertain as to the identity of the person appearing before the notary. It is evident from the face of the certificate that the assignor came before the notary and acknowledged the instrument, and that the omission of his name from the blank space provided in the form of acknowledgment used occurred through a clerical mistake. While the certificate would be more complete with it, the necessary facts are reasonably inferable without the name. It is evident some one appeared, and it is unreasonable to assume that it may have been some one other than the assignor. The general trend of judicial expression on the subject is in harmony with this view.

In the case of Smith v. Hunt, 13 Ohio, 260, the certificate acknowledgment was: "Personally appeared ———— and acknowledged that he did sign and seal the foregoing instrument, and that the same is his free act and deed." The court held it insufficient, but expressed its reason therefor in this language: "Does the certificate in this case furnish any evidence of a compliance with the law? This must depend solely on the fact whether blank and Ezekiel Folsom, the grantor, are synonymous. If Folsom is blank, and blank is Folsom, the execution of the mortgage is complete; but, as no evidence is adduced to prove these facts, we know of no rule of law which will authorize us to infer that Ezekiel Folsom, the grantor, is just nobody at all." The Ohio statute required that the deed be acknowledged by the grantor, and that such acknowledgment be certified by the officer taking it, but we are not aware that there was any statute with reference to the form of acknowledgment. Under the test we have applied, it may be that the declaration in the certificate above referred to, establishing the identity of the party, was not sufficient, but the reasoning of the court does not commend itself to our judgment.

93 M.—20

In Stanton v. Button, 2 Conn. 527, the acknowledgment was as follows: "Personally appeared S. M., signer to the above and within written instrument, ———— to be his free act and deed, before me, A. S. Justice of the Peace." The court said: "A court cannot by intendment or construction fill a blank or supply a word. They can only decide on the meaning and import of the words made use of. Here the words made use of can only import that the person appearing before the justice of the peace was the signer and sealer of the deed. They do not import that he acknowledged it, nor are they equivalent to such word." We accept this as sound reasoning. With the blank unfilled, the court would not be warranted in concluding that the person appearing before the officer acknowledged the instrument.

In Hayden v. Westcott, 11 Conn. 129, the certificate was: "Personally appeared ———— and acknowledged this instrument, by him sealed and subscribed to be his free act and deed." This certificate is similar to the one construed in Smith v. Hunt, supra, and was declared insufficient by a divided court, and is distinguished, but to our mind is overruled, by Sanford v. Bulkley, 30 Conn. 344, where the certificate was sustained, which read: "Personally appeared ———— signer and sealer of the foregoing instrument and acknowledged the same to be his free act and deed: before me; A. B. Notary Public."

In Buell v. Irwin, 24 Mich. 145, the certificate read: "On the 1st day of December 1859, personally appeared before me, I. D., to me known to be the person described in and who executed the above deed, and acknowledged that ———— executed the said deed." The certificate was held insufficient, and the court based its decision upon Hayden v. Westcott, supra. It was impossible, from the certificate, to determine who executed the deed without supplying the pronoun "he." We are not required to disagree with the court's holding, but do not consider the cases parallel.

In the case of Wilcoxon v. Osborn, 77 Mo. 621, the certificate read: "Personally appeared ———— who is personally known to me to be the same person whose name is subscribed to the within and foregoing conveyance as having executed the same as party thereto, and in the capacity therein set forth, and acknowledged the same to be his act and deed for the purposes therein mentioned. In testimony whereof," etc. The court held, construing the certificate in connection with the

body of the deed, that it sufficiently appeared the grantor of the deed came before the officer and acknowledged it to be his act and deed. This case, we think, is directly in point, and is no more explicit than the language used in the certificate in question.

A similar acknowledgment was under consideration in Milner v. Nelson, 86 Iowa, 452, 53 N. W. 405, where the certificate read: "Personally came ———— to me known to be the identical person whose name is affixed to the foregoing instrument as grantor, and acknowledged the execution of the same to be his voluntary act and deed." The Iowa statute required that a person making the acknowledgment to a deed be personally known to the officer taking it, and to be the identical person whose name is affixed to the deed as grantor, and that the acknowledgment be the grantor's voluntary act and deed. Under the decisions of that state, it is held that all that is required is that the certificate of acknowledgment be in substantial compliance with the statute, and it is to be observed that the statute does not in terms require that the certificate show that the person making the acknowledgment personally appear before the officer. See also Pickett v. Doe, 5 S. & M. 470.

Order affirmed.