FRANK H. BARNARD and Another v. M. C. SCHULER and Others.[1]

March 8, 1907.

Nos. 15,028—(179).

**Certificate of Acknowledgment.**

Action to recover, from the defendant Schuler and the sureties on his bond as a notary public, damages which the plaintiff claims to have sustained by reason of an alleged false certificate of acknowledgment made by him. *Held*, the taking of the proof or acknowledgment of the execution of an instrument by an officer is an act ministerial in its nature, and not a judicial one.

**Identity of Person.**

A notary public or other officer cannot legally or honestly certify to the acknowledgment of a party, unless he personally knows him or has satisfactory evidence of the fact that he is the identical person described in and who executed the instrument.

**Notary Public—Certificate.**

A notary public in this state is not a guarantor of the absolute correctness of his certificate of acknowledgment. Nor does he undertake to certify that the person acknowledging the instrument owns or has any interest in the land therein described, but he does undertake to certify that the person personally appearing before him is known to him to be the person described in and who executed the instrument.

**Same—Liable for Negligence.**

If a notary public certifies to an acknowledgment of an instrument without personal knowledge as to the identity of the party appearing before him and without a careful investigation of such fact, he is guilty of negligence, and he and the sureties on his bond are liable for all damages proximately resulting therefrom.

**Evidence.**

Evidence considered, and *held*, that it is sufficient to sustain a finding by the jury that the defendant was negligent in certifying to the acknowledgment in this case.

Action in the district court for Ramsey county against a notary public and the sureties on his official bond to recover $1,500 for his failure properly to take and certify the acknowledgment of execution

[1] Reported in 110 N. W. 966.

100 M.—19

of a mortgage. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of the plaintiff for $1,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appeal. Affirmed.

*Frederic A. Pike,* for appellants Schuler and Miesen.

*Daly & Barnard,* for respondents.

START, C. J.

This is an action against the defendant M. C. Schuler, hereafter referred to as the defendant, and the sureties on his official bond as a notary public, to recover the damages sustained by the plaintiffs by reason of the alleged failure of the defendant to properly discharge his duties as a notary public in taking and certifying the acknowledgment of the execution of a mortgage. There was a verdict for the plaintiff in the sum of $1,000, and the defendants appealed from an order denying their motion for judgment or for a new trial. The assignments of error urged in the defendants' brief raise the question whether there is any evidence fairly tending to support the verdict. This is the only question in the case.

A notary public, upon his appointment, is required to give a bond to the state conditioned for the faithful discharge of the duties of his office. R. L. 1905, § 2657. There are two essential matters to which an officer must direct his attention in taking an acknowledgment. They are the identity of the person appearing before him as the party described in and who executed the instrument and his unequivocal acknowledgment that he executed the instrument as his act and deed. Having satisfied himself as to both facts, he may certify to them. Bennett v. Knowles, 66 Minn. 4, 68 N. W. 111. This is a matter of such importance that the statute (R. L. 1905, § 2661) makes it a misdemeanor for a notary public to affix his official signature to a certificate of acknowledgment unless the parties personally appear before him. And yet we were recently advised on the argument of a cause that reputable notaries are accustomed to take acknowledgments over the telephone.

While the taking of the proof or acknowledgment of the execution of an instrument is an act ministerial in its nature, and not a judicial one (Bank of Benson v. Hove, 45 Minn. 40, 43, 47 N. W. 449; 1

Am. & Eng. Enc. [2d Ed.] 485; 1 Cyc. 557), yet it is a matter of grave importance; for upon the fidelity with which the duty is discharged depends the title to real estate and the prevention of litigation.

There is some conflict, due to the differences in the statutes construed in the adjudged cases, with reference to the civil liability of a notary public or other officer for making a false certificate of acknowledgment. A statute of Iowa provided that an officer who should knowingly misstate a material fact in his certificate of acknowledgment should be liable for damages, and it was held that such an officer was not liable unless he made the false certificate, not only negligently, but also knowingly. Scotten v. Fegan, 62 Iowa, 236, 17 N. W. 491; Browne v. Dolan, 68 Iowa, 645, 27 N. W. 795. There is no such provision in our statute, and the cases cited are not in point. It has been held in California that a notary public is guilty of negligence if he certifies that he knows a person whom he does not know on the mere introduction of some third party, and if loss results therefrom he renders himself and his sureties on his bond liable for the loss, unless negligence of the losing party is the proximate cause of the loss. Hatton v. Holmes, 97 Cal. 208, 31 Pac. 1131. California, however, has a statute which provides that an acknowledgment must not be certified by the officer unless he knows, or has satisfactory evidence on the oath or affirmation of a credible witness, that the person making the acknowledgment is the one described in and who executed the instrument. There is no such statute in this state; but, as already suggested, a notary cannot legally or honestly certify to the acknowledgment of a party unless he personally knows him or has satisfactory evidence of the fact that he is the identical person described in and who executed the instrument. In Missouri, a notary, it would seem, is liable for any damages sustained by an innocent party by reason of his false certificate whether he was negligent or not. State v. Ryland, 163 Mo. 280, 63 S. W. 819.

This rule of absolute liability is not sustained by the weight of authority. A notary public or other officer in taking an acknowledgment may be deceived, no matter how careful he may be in investigating the identity of a party who represents himself to be the person described in and who executed the instrument; and to hold the officer in such cases absolutely liable in case it should afterwards appear that he was

mistaken and his certificate was in fact untrue is too rigid a rule to be practical or just. The bond of a notary public in this state by the terms of the statute is conditioned for the faithful discharge of the duties of his office, and when he accepts the office and gives the bond he represents to the world that he is competent to discharge the duties of his office, and it cannot be said that he has faithfully discharged the duties of his office in a given case if he neglects to exercise such care as reasonably prudent and competent notaries would exercise in taking and certifying acknowledgments. If he fails to exercise such due care, and loss results therefrom, he and his sureties are liable for the loss resulting proximately therefrom. It is not a defense in such a case that he acted in good faith and did the best he knew how; for, if he does not personally know the party appearing before him, he must inform himself as to his identity.

We accordingly hold that a notary public is not a guarantor of the absolute correctness of his certificate of acknowledgment, nor does he undertake to certify that the person acknowledging the instrument owns or has any interest in the lands therein described; but he does undertake to certify that the party personally appearing before him is known to him to be the person described in and who executed the instrument. If the notary does not personally know the party appearing before him, he should proceed with caution, and either decline to certify to the acknowledgment or investigate the question of the identity of the party with such care and prudence as the gravity of the case demands, and only certify to his identity upon being clearly satisfied of the fact as a result of such investigation. If a notary public certifies to an acknowledgment of an instrument without such personal knowledge and investigation, he is guilty of negligence, and he and his sureties are liable for all damages proximately resulting therefrom. The learned trial judge instructed the jury in accordance with the rules we have stated, and neither party, in the district court or here, has questioned the correctness of the instructions in this respect.

Only a brief reference to the evidence is necessary. It tends to show: That on May 30, 1900, the defendant was a notary public, and Frances Winterhalter, a single woman, of Canton, Ohio, was the owner of certain real estate, being two lots in the city of St. Paul. That on the day named three men and a woman appeared before the

defendant at his office. One of the men, Mr. Greifendorff, he had known for some twenty years. The other men he knew only by sight. That Mr. Griefendorff introduced the woman to the defendant as Miss Winterhalter, and another of the men, Mr. Winterhalter, introduced her as his sister to the defendant, and asked him to take her acknowledgment of a mortgage, in which the plaintiff, C. E. Barnard, was named as mortgagee, and which purported to be signed by Frances Winterhalter. That the defendant had never before seen the woman so introduced to him, and without inquiry or investigation of any kind as to her identity took her acknowledgment of the execution of the mortgage, and stated in his certificate indorsed thereon that Frances Winterhalter, a single woman, to him personally known to be the person described in and who executed the mortgage, appeared before him as a notary public and acknowledged the same to be her free act and deed. That the mortgagor was described as Frances Winterhalter, a single woman, of Minneapolis, in the mortgage, which was in the usual form, with full covenants of seisin, good right to convey, and warranty. That the woman who acknowledged the mortgage was an impostor, but who she was or what her name was the evidence does not disclose. Further, that Frances Winterhalter, who owned the lots, never gave any mortgage on them, and that the plaintiffs, relying upon the defendant's false certificate, sustained damages in a sum equal at least to the amount of the verdict.

We are of the opinion that the evidence was sufficient to sustain the finding of the jury by their verdict to the effect that the defendant was negligent in the premises. It is difficult to see how the jury could have returned any other verdict upon the evidence and the charge of the trial court.

Order affirmed.