In re ELLIOTT.

INTERNATIONAL HARVESTER CO. OF AMERICA, Inc., v. SCHMIDT.
No. 9857.

Circuit Court of Appeals, Eighth Circuit.
July 10, 1934.

John D. Randall, of Cedar Rapids, Iowa, for appellant.

Frank T. Jensen, of Dysart, Iowa, for appellee.

Before STONE and WOODROUGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

In April, 1932, one L. S. Schnoebelen of La Porte City, Iowa, delivered a farm tractor to one T. W. Elliott under a conditional sales contract wherein title was reserved to the seller until payment in full of the purchase price of $860. Schnoebelen's title was assigned to the International Harvester Company of America, Inc., the appellant here. Thereafter Elliott, still owing $647.84 of the purchase price of the tractor, was adjudged a bankrupt. Appellee was elected trustee in bankruptcy for Elliott and as such took possession of the tractor. The appellant filed an application asking that the trustee disclaim any interest in and abandon the tractor to appellant because of appellant's title under the assignment of the conditional sales contract and because the value of the tractor was less than the unpaid balance of the purchase price. The application was denied. It was conceded that the tractor was worth less than the balance due, but it was contended by the trustee that the reservation of title in the conditional sales contract was not valid as against creditors and not valid, therefore, as against the trustee, in that it was not acknowledged as required by the Iowa statute. The trustee's contention was sustained by the referee in bankruptcy and by the District Court. Whether the conditional sales contract was acknowledged as required by the statute is the first question for decision on this appeal.

1. The pertinent statute is section 10016 of the Code of Iowa of 1931. That section is: "No sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor and vendee, or by the lessor and lessee, acknowledged by the vendor or vendee, or by the lessor or lessee, and recorded or filed and such instrument or a true copy thereof be deposited the same as chattel mortgages."

The certificate of the notary, subjoined to the conditional sales contract involved here, was as follows:

"On this 13th day of April, 1932, before me appeared L. S. Schnoebelen, to me personally known and being duly sworn, did say that he was the proprietor of the firm of L. S. Schnoebelen and that he has authority to make acceptance on behalf of said firm and that the instrument hereto attached was accepted and signed by him in behalf of said firm and that said L. S. Schnoebelen acknowledged this instrument to be the free act and deed of said firm.

"Witness my hand and notarial seal the day and year last above mentioned.

"W. M. Blough, Notary Public."

The theory which in the district court lead to the decision that the conditional sales contract was not acknowledged as required by section 10016 was that that section requires that such a contract, if it is to be valid against creditors, must be acknowledged in the same manner as chattel mortgages are required to be acknowledged. The requirements of such an acknowledgment are set out in section 10094 of the Iowa Code for 1931, which is:

"The court or officer taking the acknowledgment must indorse upon the deed or instrument a certificate setting forth the following particulars:

"1. The title of the court or person before whom the acknowledgment was made.

"2. That the person making the acknowledgment was known to the officer taking the acknowledgment to be the identical person whose name is affixed to the deed as grantor, or that such identity was proved by at least one credible witness, naming him.

"3. That such person acknowledged the execution of the instrument to be his voluntary act and deed."

Clearly the certificate in question here is not such as is prescribed in section 10094. Nowhere in the certificate does the notary who made it set forth that "the person making the acknowledgment was known to (him) to be the identical person whose name is affixed to the (instrument) as (vendor) or that such identity was proved by at least one credible witness, naming him." Neither literally nor substantially is that requirement, the second of the three requirements of section 10094, complied with in the certificate. The notary certifies only that the person making the acknowledgment was personally known to him and that he "did say" that he signed it and

"did say" that the instrument was the free act and deed of the firm of which he was proprietor.

The conditional sales contract here then was not acknowledged as chattel mortgages in Iowa are required to be acknowledged. But does the statute (section 10016) require that such a contract shall be acknowledged as chattel mortgages are required to be acknowledged? That it does was held by the District Court and it had been previously similarly interpreted by the same district court in In re Holley, 25 F.(2d) 979, and by the District Court for the Southern District of Iowa in In re Branson, 17 F.(2d) 377. The statute has not been construed in this regard by the Supreme Court of Iowa.

The contention of the appellee is that the construction placed on the statute by the District Court is erroneous, that while the statute requires that conditional sales contracts shall be acknowledged, it does not require that they shall be acknowledged as chattel mortgages are required to be acknowledged, but only that they shall be deposited as chattel mortgages are required to be deposited. And it must be conceded that a literal reading of the statute in its present form gives some support to this contention, at least to the extent that it may be said that the suggested interpretation is possible. On the other hand, the interpretation given by the District Court in this case and by District Courts in the opinions cited herein also is possible. In this state of ambiguity the history of the statute may be considered. When that history is considered, doubt as to the meaning intended is removed.

Section 10016 is the present form of what had its beginning in section 1922, Code of Iowa 1873, which was: "No sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee, or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

Indisputably in this, the original form, the statute required that conditional sales contracts must be acknowledged in the same manner as chattel mortgages are required to be acknowledged.

In 1917 the General Assembly of Iowa (Acts 37th Gen. Assem., Iowa, c. 154) enacted in lieu of the statute in its original form, the following: "No sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor and vendee, or by the lessor and lessee, acknowledged by the vendor or vendee, or by the lessor or lessee, and recorded the same as chattel mortgages."

The third stage in the evolution of the statute is section 10016.

A comparison of the language used in the several stages of the evolution of this statute quite clearly shows that the changes made were by way of adding to and of amplifying the original requirements, and not for the purpose of changing the nature of any of the requirements as they were embodied in the statute in its earliest form. The development of the statute has been by the interlineation of additional words, all of the original language remaining, and with nothing to indicate any intention to change the meaning of any part of the language originally employed. Considering the statute in the light of this development, our view is that it requires that conditional sales contracts shall be acknowledged the same as chattel mortgages.

■ 2. Whether section 10016 does require conditional sales contracts to be acknowledged in the same manner as chattel mortgages, it requires them to be acknowledged. Any such contract must be acknowledged, either by the vendor or the vendee. The one here purports to be acknowledged by the vendor. It is of the very essence of any acknowledgment that the certificate of the officer taking it shall recite that the person who executed the instrument acknowledged is the person who acknowledged it as his free act and deed. Where the form of a certificate is not prescribed by a statute, the certificate must show that the grantor or vendor appeared before the officer and acknowledged the instrument. 1 C. J. 841; Sanford v. Bulkley, 30 Conn. 347; Russell v. Whiteside's Adm'rs, 4 Scam. (5 Ill.) 7; Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214. The certificate in this case omits this primary and always essential element in any acknowledgment, for it contains no recital that it was the vendor who made the acknowledgment. While the courts have been liberal in finding in a certificate compliance with the legal requirements, a study of all the cases noted in the digests does not disclose any which holds a certificate good wherein there is no identification by the

certifying officer of the person signing the instrument acknowledged with the person making the acknowledgment.

3. A second question has been raised on this appeal. It is set out in one of the assignments of error as follows: "The court erred in affirming the order of the referee denying the International Harvester Company of America, Inc., the possession of the property as against the trustee in bankruptcy, for the reason that the petition for involuntary bankruptcy and the schedules were filed on the same day, and the said conditional sales contract of the International Harvester Company of America, Inc., was recognized in the said schedules as a valid lien upon the McCormick Deering Farmall tractor and the petition and schedules having been filed on the same day, the trustee had actual notice of the existence and validity of the said conditional sales contract."

We decline to consider this assignment of error for the reason that it appears from the transcript of record that no such question as that presented by the assignment ever was submitted either to the referee in bankruptcy or to the District Court. The only question passed on by the referee and the District Court and the only question submitted to them was whether the conditional sales contract involved in the case was lawfully acknowledged. There is no support anywhere in the transcript of record for the allegations of fact set out in this assignment of error, that the petition in involuntary bankruptcy and the schedules were filed on the same day and that the schedules did include acknowledgment of the existence of the conditional sales contract, and that it was a valid lien on the farm tractor.

The judgment of the district court is affirmed.