[S. F. No. 1592. Department Two.—February 7, 1901.]

## BEHREND JOOST, Appellant, v. LEE D. CRAIG et al., Respondents.

NOTARY PUBLIC—LIABILITY UPON BOND FOR NEGLIGENCE—ACKNOWLEDGMENT—JUDICIAL ACTION—CODE PROVISION.—A notary public and the sureties on his official bond are liable, under section 801 of the Political Code, for all damages resulting from his official misconduct or neglect. That section sets at rest the contention that, because the notary acts judicially in taking an acknowledgment, he is not liable in damages for mere negligence therein.

ID.—FORGED DEED—FALSE CERTIFICATE OF ACKNOWLEDGMENT—RECOVERY OF MONEY PAID BY GRANTEE—MARKET VALUE.—The notary and his sureties are liable for a false certificate of acknowledgment by him of a forged deed, falsely stating that the person making the acknowledgment was known by him to be the person described in the instrument, and whose name was subscribed thereto; and an innocent grantee injured thereby may recover from them the money paid for the deed, which is shown to be the market value of the land.

ID.—PURCHASE FROM REAL ESTATE AGENT—RELIANCE UPON NOTARY'S CERTIFICATE—CONTRIBUTORY NEGLIGENCE.—One who purchased the property from a real estate agent, who delivered to him a deed purporting to be properly acknowledged by the owner of the record title, which was in fact forged, and who is not shown to have had any complicity in the forgery, or to have introduced the person making the acknowledgment, was not chargeable with contributory negligence because of relying solely upon the notary's certificate and paying the money to the real estate agent for the acknowledged deed without making further inquiry. He had the right to rely upon the notary's certificate.

ID.—DUTY OF NOTARY—CERTIFICATE OF PROOF OF UNKNOWN PERSONS. If the notary does not in fact know the person making the acknowledgment, in order to relieve himself and his sureties from liability if the instrument is not genuine, he is in duty bound to take the precautions required by the statute, to have the identity of the person described in the instrument and who appears to have executed it proved by the oath of a credible witness, whose name must be stated in the certificate.

ID.—INTRODUCTION OF PERSON NOT SUFFICIENT.—It is not sufficient, to relieve the notary from liability for a false certificate of acknowledgment, that the person making the acknowledgment was introduced to him by a responsible person whose oath or affirmation he does not take and certify as required by the statute.

Id.—Personal Knowledge of Credible Witness.—The notary must have personal knowledge of the credible witness by whom the identity of the person described in the instrument and who executed it is proved to him.

Id.—Prohibition Upon Notary.—If the notary neither personally knows the person described in the instrument nor a credible witness by whose testimony the identity can be proved and stated in the acknowledgment, he is expressly prohibited by statute from taking the acknowledgment at all.

Id.—Identity of Name not Sufficient to Protect Notary.—The fact that the notary may have known that the person who made the acknowledgment bore the same name as that subscribed to the instrument is not sufficient. He must know or have it proved by a credible witness, whose name is stated in the certificate, that the person making the acknowledgment is known to be the person described in the instrument, and having the place of residence therein specified.

Id.—Improper Nonsuit—Proof of Negligence—Contributory Negligence.—Where a nonsuit was expressly granted because of supposed contributory negligence of the plaintiff, which did not appear from the proof, and there is some evidence tending to show negligence of the notary, which is implied in the ground upon which the nonsuit was granted, the judgment of nonsuit must be reversed.

Id.—Facts Known to Notary—Burden of Proof.—The facts in regard to the exhibition of the deed by the person acknowledging it, and connected with its acknowledgment and delivery by him to the real estate agent for the grantee who paid the purchase money to such agent, were peculiarly within the knowledge of the notary, and slight evidence in regard to such facts, with evidence tending to establish the falsity of the certificate of acknowledgment, was sufficient to shift the burden of proof upon the defendant notary and to preclude a nonsuit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, for Appellant.

Denson, Oatman & Denson, Denson & Schlesinger, and W. T. Baggett, for Respondents.

TEMPLE, J.—This is an action against a notary public and his sureties for damages charged to have resulted from the negligence of the notary.

As appears from the record, in April, 1891, one Fisher, who was a real estate broker in San Francisco, as such broker offered to sell to plaintiff ten lots of land situate in San Mateo county, then standing in the name of Charles A. Anderson. The lots were part of the Abbey Homestead Association's lands. Plaintiff was familiar with these lands and had bought a portion of them. He contracted with Fisher at once for the property, agreeing to pay one thousand dollars for it, conditioned, as usual, upon the title. He had an abstract made, and finding that the title of Anderson was good, informed the broker that he would pay whenever he received a deed from Anderson properly executed.

A deed was produced, apparently executed by Charles A. Anderson, and acknowledged before the defendant notary, and certified by him as follows:

"On this 27th day of April, in the year of our Lord one thousand eight hundred and ninety-one, before me, Lee D. Craig, a notary public in and for said city and county, duly commissioned and sworn, personally appeared Charles A. Anderson, known to me to be the person described in, whose name is subscribed to, who executed the within and annexed instrument, and he duly acknowledged to me that he executed the same," etc.

In the body of the deed the grantor is described as "Charles A. Anderson, of Redwood City, county of San Mateo, state of California."

It turned out that the deed was a forgery, and was not executed or acknowledged by Charles A. Anderson, of Redwood City, or by any person known by that name, but the name of Charles A. Anderson was written by one Frank C. Koen.

Plaintiff accepted the deed and paid his money, relying solely upon the certificate of the notary. The lots were of the market value of one thousand dollars. The plaintiff, through his reliance upon the certificate, paid the said sum of one thousand dollars, which was thereby lost.

It is provided in section 801 of the Political Code that: "For the official misconduct or neglect of a notary public, he and the sureties on his official bond are liable to the parties injured thereby for all the damages sustained." This statute sets at

rest one of the contentions of respondent that in taking an acknowledgment a notary acts judicially, and is, therefore, not liable in damages for mere negligence. .

At the trial the court, on motion of defendants granted a nonsuit, on the ground: "That it appears from the evidence that plaintiff was guilty of such negligence as to put it beyond his power to recover anything from defendants." This ground implies that in other respects the case for plaintiff was made out. There could not be contributory negligence unless there was first negligence to which it contributed.

There was no evidence which tended to show negligence on the part of the plaintiff, except that when the deed, apparently executed by Anderson, acknowledged before the defendant notary, and certified as above set out, was delivered to him by Fisher, he paid over the money to Fisher without further inquiry as to the identity of the grantor. This was not negligence on the part of plaintiff. He had a right to rely upon the certificate of the notary and to presume without question that such officer had done his duty. No circumstance was brought to his attention which could raise a suspicion to the contrary. There was nothing which could have put the most prudent man upon inquiry. And the notary cannot excuse his negligence, under such circumstances, by the claim that the party who has been injured has trusted to his faithful performance of duty. The whole theory that the record of such instruments gives constructive notice of the contents of recorded instruments is founded upon the proposition that upon proper investigation the genuineness of such instruments has been determined. The certificate is also received as evidence in a trial in a court of law that the deed is genuine. If the deed is not genuine, but is forged, the notary and his sureties ought to be held for all damages unless they have taken the precautions expressly required by the statute. The legislature has taken great care, though, considering the importance of the matter, not too great, to make this certificate reliable. Section 1185 of the Civil Code provides as follows: "The acknowledgment of an instrument must not be taken unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the

individual who is described in and who executed the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation."

The notary is expressly forbidden to take the acknowledgment unless he knows that the person making the acknowledgment is the person described in the instrument. Here such person was described as Charles A. Anderson, of Redwood City. If he did not know this it should have been proven by the oath of a credible witness, whose name must be stated. (Civ. Code, sec. 1189.)

It is not enough that the person be introduced to the notary by a responsible person. If that were enough there would be no purpose in requiring the oath, for such person could always furnish the introduction. This point has been often decided, although sufficiently obvious from the statute. To take an acknowledgment upon such introduction without the oath is negligence sufficient to render the notary liable in case the certificate turns out to be untrue.

The matter was considered in *Jones v. Bach*, 48 Barb. 568. It is there said: "The object of all these well-considered provisions relative to the proof and recording of conveyances of real estate was to protect owners or property, and their creditors against forgery, as well as to secure the rights of grantees and mortgagees against spurious and fraudulent conveyances. Would this object be effected by the manner in which the acknowledgment in this case was made? Anyone could be falsely personated without check or liability to punishment for crime if a mere introduction at the moment shall authorize the officer to take the acknowledgment. The person who introduces, if the statement be false, only commits a falsehood; but if he is sworn as to the truth of his statement, should it be knowingly false, he is guilty of perjury, and liable to a prosecution for a felony." The statute of New York there considered was not as clear on this proposition as ours. It did not expressly require the oath, but only "satisfactory evidence." But even under that language it was held that a mere introduction is not enough. The certificate here gave assurance that the notary knew of his own knowledge, and not upon mere hearsay,

that the grantor was Charles A. Anderson, of Redwood City. If this certificate was not true, the notary should be held. The same matter was discussed in *State v. Meyer,* 2 Mo. App. 413. The court makes some suggestions as to what degree of acquaintance will authorize the notary to certify that he has personal knowledge, and also upon the proposition that an introduction, even by a responsible person, could not be relied upon, and says: "It is obvious that when an officer taking an acknowledgment and making a certificate assumes any such fact, he does it at his own risk. The law warns him when he has not 'personal knowledge' of his own to resort to certain observances which the law supposes to be sufficient in practice to prevent imposition. . . . . But such a certificate is infinitely less liable to deceive or mislead than a declaration that the party making the acknowledgment is well known to the officer making the certificate. It puts all persons upon inquiry, and furnishes a clue for conducting it; and it complies with the law." This makes the certificate upon personal knowledge a guaranty of the genuineness of the instrument, and the court adds: "It is perfectly idle for him to protest that he did not know or suspect that his certificate was false. That may be taken for granted, but it is nothing to the purpose. His business was to know that it was true."

A notary may take all due precautions and fully comply with the statute and still be deceived. In such case he would not be held liable, but if he has not fully complied with the statute, the rule announced above is not a whit too stringent.

This case was followed and commented upon in *State v. Balmer,* 77 Mo. App. 463.

It may be here remarked that the witness by whose oath the execution of an instrument is proven when the person executing the instrument was not previously known to the officer must himself be known to the notary. This is implied by the requirement that the officer shall certify that such person is a credible witness. When these necessary facts do not exist, the notary is expressly prohibited from taking the acknowledgment at all. When the notary does not obey this statute he should expect to be held liable. And I wish to repeat, these re-

quirements are of great importance to the business world, and not at all too exacting.

*Oakland Bank v. Murfey,* 68 Cal. 455, is not in conflict with these views. Murfey took the acknowledgment to a deed of one who personated the true owner, and signed his name to the instrument. The deed did not run to the imposter by his true name, but was taken by him to the president of the bank and an application was made for a loan. The imposter then assumed the name of the fictitious grantee named in the forged deed. The president of the bank, after getting an abstract of the title, caused a note and mortgage to be prepared, and it was signed by the imposter in the bank, and was there acknowledged before a bank clerk who was a notary. This acknowledgment was taken and certified by the employee of the bank by the express direction of the bank president who made the loan for the bank. The present case would have resembled that had Joost taken the imposter to the notary and requested him to acknowledge and certify to the execution of the deed, upon the mere introduction to him by Joost. Such introduction would not have justified the officer, or have constituted a defense to a suit by a grantee of Joost, but by the rule announced in that case Joost would, under the circumstances supposed, have been guilty of contributory negligence.

There is no ground for such a contention here. Fisher, a real estate broker, knowing that Joost was desirous of purchasing land in the homestead tract, informed him of the opportunity, and upon being furnished the deed certified by Craig, as notary, he paid his money. Even had Fisher been the agent of Joost, there is nothing to show that he had any reason to doubt the truthfulness of the certificate. It does not appear, as it did in the Oakland case, that Fisher knew that the certificate falsely stated that the officer knew that the person making the acknowledgment was the person described in the instrument. Had this statement in the certificate been true there could have been no imposition.

It is argued that the judgment of nonsuit should be affirmed, because it was not proven that some person known to the notary as Charles A. Anderson did not appear before the notary and make the acknowledgment. Had such been the fact it would

not have been enough. The person might be known to him as Charles A. Anderson, though introduced to him. The certificate states, in effect, that the notary knew him to be Charles A. Anderson, and the person described in the instrument, to wit, Charles A. Anderson, of Redwood City.

The nonsuit was expressly granted because of supposed negligence on the part of Joost. As already stated, this implies that the court was satisfied that the certificate was false, and there was some evidence tending to establish such fact. It was shown that Charles A. Anderson, of Redwood City, did not execute the deed, and did not appear before the notary, and the signature was forged by Keon, who had and exhibited the deed before the acknowledgment was made. Keon furnished the deed to Fisher, and received the money. This was a fact peculiarly within the knowledge of the defendant notary, and which, in the nature of things, it would be difficult for plaintiff to prove. Under such circumstances slight evidence is sufficient to shift the burden of proof. (*People v. Lundin,* 120 Cal. 308.)

The judgment is reversed and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.