[Civ. No. 634. Second Appellate District.—July 21, 1909.]

## LOUIS KLEINPETER and ELIZABETH KLEINPETER, Respondents, v. ANDREW R. CASTRO et al., Defendants; AMERICAN BONDING COMPANY OF BALTIMORE, Appellant.

NOTARY PUBLIC—FALSE CERTIFICATE OF ACKNOWLEDGMENT OF FORGED DEED—LIABILITY ON BOND.—A notary public who has made a false certificate of acknowledgment of a forged deed, the true name of the person who signed the deed being other than the name signed thereto, who was an impostor personating the true owner of the lot, and who sold and conveyed the land to the plaintiffs, is liable on his official bond to the plaintiffs for all damages thereby sustained.

ID.—SUFFICIENCY OF EVIDENCE TO SHOW FALSITY OF CERTIFICATE—NEGATIVE PROOF.—Where the surety company relied wholly on the language of the certificate of the notary, the evidence to show its falsity must necessarily be of a negative character; and where it was shown conclusively that the true owner did not sign or acknowledge the certificate, that no person of his name was known to reside in the place where the acknowledging person received his mail, and agreed to sell and convey the land to plaintiffs, and that the only person of the same name as that of the true owner known to reside in that county did not sign or acknowledge the same, such evidence, taken in connection with other circumstances showing the preponderance of probabilities fairly deducible therefrom, was sufficient to sustain the finding of the court that the certificate of the notary was false.

ID.—SLIGHT EVIDENCE SUFFICIENT TO SHIFT BURDEN OF PROOF.—Whether or not the name of the impostor who forged the deed was in truth of the same name as that of the true owner, and known to the notary, were facts peculiarly within his knowledge; and plaintiffs should not be required to produce other than slight evidence, in order to shift the burden of proof upon the notary and his surety, to show that the certificate was not false by proof other than the mere language of the certificate.

ID.—REMEDY OF PLAINTIFFS—BANK CHECK PAID TO IMPOSTOR—PROXIMATE CAUSE OF LOSS—NEGLIGENCE NOT INTERVENING.—The plaintiffs could not be remitted to any remedy against the bank whose check payable to the impostor was given by their direction; but, having been deceived as to his identity by the false certificate of acknowledgment by the notary, which was the proximate cause of their loss, without any intervening negligence of anyone contributing thereto, their proper remedy was against the notary and the surety on his official bond.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Gray, Barker & Bowen, and Allen, Van Dyke & Jutten, for Respondents.

SHAW, J.—Defendant Castro was a notary public whose official bond was made by the defendant American Bonding Company of Baltimore. The action was instituted against Castro as principal and American Bonding Company as surety upon this bond to recover damages alleged to have been sustained by plaintiffs as the result of a false certificate of acknowledgment to a deed made by Castro as such notary. Castro was not served with process, his whereabouts being unknown; neither was his testimony produced at the trial.

Judgment was given in favor of plaintiffs against the bonding company, from which defendant prosecutes this appeal upon the judgment-roll and a bill of exceptions.

The court, among other things, found: That the certificate of the notary was false and that the true name of the person who signed and acknowledged the deed was other than the name signed thereto.

Says appellant, "upon the sufficiency of the evidence to support these two findings the merits of this appeal depend."

The deed purported to be a grant of a lot to plaintiffs, and appellant concedes that the person who executed it was not the owner thereof, but that he, whatever his name, so far as the ownership of the property is concerned, was an impostor for the time being personating the true owner of the lot. At the time of the transaction the real estate in question, consisting of lot 13, block 23, Park tract, in Los Angeles, was owned by George A. Peterson, a resident of Oakland, California. In September, 1905, a party unknown to them called at the office of Justice, Moss & Company, real estate agents in Los Angeles, stated that his name was George A. Peterson, that he owned the lot in question and desired to sell it, and showed them a certificate of title to the prop-

erty theretofore obtained by him from the Title Insurance
and Trust Company of Los Angeles, together with certain tax
receipts which he claimed he had just paid. Negotiations
were entered into, as a result of which this firm of agents
took an option on the property at the price of $1,100, and
soon thereafter effected a sale thereof to plaintiffs for $1,500.
This impersonator of the true owner described himself as
being a waiter or cook at a hotel in San Pedro, and gave his
postoffice address as San Pedro, directing that letters be
addressed to a certain postoffice box at that place, and in
response to letters so addressed called upon the agents from
time to time pending the consummation of the sale. He pro-
tested against making the deal through an escrow and ob-
jected to payment of the money by check. In making the
purchase plaintiffs deposited with the Title Insurance and
Trust Company the amount of the purchase price, instruct-
ing the company to pay the same upon title to said lot
vesting in them. At the same time the real estate agents
left with the company for delivery a deed to said lot, wherein
plaintiffs were made grantees, which purported to be signed
by George A. Peterson, the acknowledgment to which was
duly certified by defendant Andrew R. Castro, reciting therein
that the person executing the deed was personally known to
him. The escrow holder in carrying out the instructions
paid to the agents by check $400 and delivered to them a
check for the balance of the purchase price of the property
payable to the order of George A. Peterson, which check
was given to the signer of the deed, who presented the same to
the bank on which it was drawn, and, upon being identified
by a member of said real estate firm, received payment thereof;
since which time, so far as disclosed by the record, his where-
abouts have been unknown. The deed described the gran-
tor therein solely as ''George A. Peterson, unmarried,'' and
there is no evidence touching the question as to whether the
impostor was single or married. George A. Peterson, the
owner of the lot, did not sign or acknowledge the deed.
There is no direct evidence showing when or how Castro met
the impostor, though the members of the firm of Justice,
Moss & Company testified that his office was near theirs and
it was their custom to send him notarial work. Upon dis-
covery of the fraud, some two years afterward, search and

inquiry was made for a George A. Peterson at San Pedro, but no one was found who had ever known such person. There was also testimony given by one of that name, a resident of Los Angeles (not the impostor nor the owner of the lot) that he knew of no other than himself in Los Angeles bearing the name of George A. Peterson, and that he had not signed or acknowledged the deed.

Defendant offered no evidence to show that the name of the person who signed and acknowledged the deed was George A. Peterson, but relied solely upon the certificate as furnishing *prima facie* proof of such fact. The evidence controverting the truth of the certificate in this respect must of necessity be of a negative character. Undoubtedly, there are a great many persons bearing the name of George A. Peterson, and appellant's position is that it devolved upon plaintiffs to show that the person who appeared before the notary was not some member of this numerous family. In support of this contention, counsel cite *Overacre* v. *Blake,* 82 Cal. 77, [22 Pac. 979]. That was an appeal upon the judgment-roll, and the court held there was nothing in the findings justifying the deduction made by the trial court to the effect that the certificate was untrue, and as disclosed by the findings there was an utter failure to show that the person who signed the instrument did not in truth and in fact bear the name signed thereto. The controlling point, however, on which the opinion in that case is based was that the party seeking to recover upon the bond introduced the impostor to the notary, thus vouching for his identity, and the court held that by reason of such fact she was estopped from recovering upon the bond. In neither aspect does *Overacre* v. *Blake, supra,* have any bearing upon the case at bar.

The trial court found that George A. Peterson did not sign the deed and that the certificate in this regard was false. There was some evidence, however meager, tending to establish this fact. It was conclusively shown that the owner whose name was George A. Peterson did not sign the deed, and that some inquiry was made at San Pedro, where the impostor received his mail and claimed to be employed at the time of the transaction, for George A. Peterson, with the result that no one was found who had ever known him, and that another person by the name of George A. Peterson, re-

siding in Los Angeles, testified that he did not·sign the deed and knew no other of that name in Los Angeles county; all of which constituted some evidence tending to controvert the truth of the certificate, and, taken in connection with the "preponderance of probabilities" (*Murphy* v. *Waterhouse,* 113 Cal. 473, [54 Am. St. Rep. 365, 45 Pac. 866]; *Hutson* v. *Southern Cal. Ry. Co.,* 150 Cal. 705, [89 Pac. 1093]), fairly deducible from other circumstances connected with the transaction, satisfied the trial court of the fact found. As to whether or not the name of the impostor who forged the deed was in truth George A. Peterson and known to the notary were facts peculiarly within his knowledge. Under these circumstances, plaintiffs should not be required, in order to shift the burden of proof, to produce other than slight evidence. (*Barnard* v. *Schuler,* 100 Minn. 289, [110 N. W. 966]; *Joost* v. *Craig,* 131 Cal. 504, [82 Am. St. Rep. 374, 63 Pac. 840]; *People* v. *Lundin,* 120 Cal. 308, [52 Pac. 807].)

There is no merit in the suggestion that plaintiffs' remedy for the loss sustained is against the bank which paid the check. The money was paid pursuant to plaintiffs' direction to the person who received it. They were, by reason of the false certificate, deceived as to his identity, which fact was the proximate cause of the loss. No intervening negligence of anyone contributed to it. The facts in *Hatton* v. *Holmes,* 97 Cal. 208, [31 Pac. 1131], cited in support of this contention, bear no analogy to the case at bar. The check there was payable to the order of Maria J. Keifer and delivered to one Jenkins, who forged her indorsement thereon and presented it to the bank, which, without inquiry, negligently paid it. The court held that, assuming the check was given upon a forged mortgage, the certificate of acknowledgment to which was false, nevertheless the direct cause of the loss was the forged indorsement of the name of the party to whom it was made payable.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1909.