## LOUIS PETERSON v. W. G. MAHON et al.

(145 N. W. 596.)

A man named McCain located at Fergus Falls, Minnesota, in January, 1911, and assumed the name of Bell. He rented offices, had the same remodeled, and advertised as a real estate dealer. Shortly thereafter, he went to a local attorney, who was also a notary public, and employed him to draw up a deed covering 120 acres of land near the city, which deed purported to run from the owner of the land to himself under the name of Bell. Next day the im-

poster Bell took the blank deed before the defendant Mahon, a notary public
of Fargo, North Dakota, and impersonated the owner of the land. Mistaking
the imposter for a man with whom he was acquainted, the notary took his ac-
knowledgment, and certified that it was the owner of the land who had ap-
peared before him and acknowledged the deed. The imposter returned to Fer-
gus Falls, and had the same attorney prepare a deed running from himself
under the name of Bell to the plaintiff Peterson, and executed and acknowl-
edged the deed under that name before such attorney, as a notary public.
Plaintiff paid $930 for the deed, which amount he has lost.

**Evidence — negligence — proximate cause — injury.**

1. Evidence examined, and *held*, that the defendant Mahon was grossly
negligent, and that such negligence was the proximate cause of the injury to
Peterson.

**Evidence — contributory negligence.**

2. Evidence examined, and *held*, that the plaintiff was not guilty of con-
tributory negligence.

**Motions for directed verdict by both parties — issues — no request to sub-
mit to jury — trial court — negligence — contributory — questions of
law.**

3. At the close of the testimony both parties made motions for instructed
verdicts, and made no request to have any issue submitted to the jury. Fol-
lowing Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335,
*held* that this justified the trial court in taking the case from the jury and
deciding the questions of negligence and contributory negligence as questions of
law.

Opinion filed February 11, 1914.

Appeal from the District Court of Cass County, *Pollock,* J.
Affirmed.

*McEnroe & Wood,* for appellants.

The court erred in refusing to grant appellants' motion for a directed
verdict. The plaintiff's negligence clearly appeared from the evidence
and circumstances, and it was a law question which the court should
have resolved in defendants' favor. Heckman v. Evenson, 7 N. D. 173,
73 N. W. 427.

The plaintiff was guilty of such contributory negligence as to clearly
establish a proximate cause of the injury. Ibid.

The plaintiff did not exercise that ordinary and proper care which a
prudent man ought to do, and is guilty of such negligence as must defeat

him. Oakland Bank v. Murfey, 68 Cal. 455, 9 Pac. 843; Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80.

The court erred in granting plaintiff's motion for a directed verdict, for the reason that the question of the plaintiff's freedom from contributory negligence was one where reasonable men might differ and draw different conclusions, and should have been submitted to the jury, or defendants' motion should have been granted. Heckman v. Evenson, supra; Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390; Beach, Contrib. Neg. § 10; Cooley, Torts, § 69; People use of Cook v. Cole, 139 Mich. 312, 102 N. W. 856.

To sustain an action against a notary for negligence, it must appear that the loss was the *direct* result of his act or omission, and the injury not a collateral or resulting one. Ware v. Brown, 2 Bond, 267, Fed. Cas. No. 17,170; Mechanics' Bank v. Merchants' Bank, 6 Met. 13; Swinyard v. Bowes, 5 Maule & S. 62, 17 Revised Rep. 274; Franklin v. Smith, 21 Wend. 624; Reed v. Darlington, 19 Iowa, 349; Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250.

A right of action for damages resulting from a tort is not assignable; such an action can only be maintained by the person directly injured. Ware v. Brown, 2 Bond. 267, Fed. Cas. No. 17,170; Comegys v. Vasse, 1 Pet. 193, 7 L. ed. 108; Dehn v. Heckman, 12 Ohio St. 181; Wells v. Cook, 16 Ohio St. 67, 88 Am. Dec. 436.

*Geo. W. Frankberg* and *Stambaugh & Fowler,* for respondent.

The notary who fails to take an acknowledgment and make a certificate in the form and manner outlined by the statute is liable to the party injured by his official misconduct, regardless of the question of the notary's negligence and regardless of whether the acts of others have contributed to the injury. Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80; Joost v. Craig, 131 Cal. 504, 82 Am. St. Rep. 374, 63 Pac. 840; Kleinpeter v. Castro, 11 Cal. App. 83, 103 Pac. 1090; State ex rel. Heitkamp v. Ryland, 163 Mo. 280, 63 S. W. 819; People use of Munson v. Bartels, 138 Ill. 322, 27 N. E. 1091, 152 Ill. 557, 38 N. E. 898; 1 Cyc. 557.

The duty imposed upon a notary in taking an acknowledgment is purely ministerial, and, regardless of the question of negligence, he will be held liable in damages resulting from his failure and official misconduct. Barnard v. Schuler, 100 Minn. 289, 110 N. W. 966;

Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80; Com. use of Green v. Johnson, 123 Ky. 437, 124 Am. St. Rep. 368, 96 S. W. 801, 13 Ann. Cas. 716; Blaes v. Com. 29 Ky. L. Rep. 908, 96 S. W. 802; Samuels v. Brand, 119 Ky. 13, 82 S. W. 977; People use of Doran v. Butler, 74 Mich. 643, 42 N. W. 273; People use of Munson v. Bartels, 138 Ill. 322, 27 N. E. 1091, 152 Ill. 557, 38 N. E. 898; State ex rel. Heitkamp v. Ryland, 163 Mo. 280, 63 S. W. 819; Joost v. Craig, 131 Cal. 504, 82 Am. St. Rep. 374, 63 Pac. 840; Wilson v. Gribben, 152 Iowa, 379, 132 N. W. 849; Kleinpeter v. Castro, 11 Cal. App. 83, 103 Pac. 1090; Fogarty v. Finlay, 10 Cal. 239, 70 Am. Dec. 714; People ex rel. Curtiss v. Colby, 39 Mich. 457.

The plaintiff was not guilty of contributory negligence. Samuels v. Brand, 119 Ky. 13, 82 S. W. 977; Wilson v. Gribben, 152 Iowa, 379, 132 N. W. 849; State ex rel. Kleinsorge v. Meyer, 2 Mo. App. 413.

If the careless act of the notary was *necessary* to the accomplishment of the loss, he alone is answerable for the damages resulting. Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80; People use of Doran v. Butler, 74 Mich. 643, 42 N. W. 273; People use of Munson v. Bartels, 152 Ill. 557, 38 N. E. 898; Kleinpeter v. Castro, 111 Cal. App. 83, 103 Pac. 1090; Oakland Bank v. Murfey, 68 Cal. 455, 9 Pac. 843.

Where both parties move for a directed verdict, and the party whose motion is denied fails thereafter to request that certain questions be submitted to the jury, he will be deemed to have waived a jury trial and to have consented to a decision of *all* questions by the court. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 395; Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266.

A notary cannot urge as a defense that others aided in bringing about the loss, *if his misconduct aided* in the loss. Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80; People use of Doran v. Butler, 74 Mich. 643, 42 N. W. 273; People use of Munson v. Bartels, 152 Ill. 557, 38 N. E. 898; State ex rel. Heitkamp v. Ryland, 163 Mo. 280, 63 S. W. 819; Joost v. Craig, 131 Cal. 504, 82 Am. St. Rep. 374, 63 Pac. 840; Wilson v. White, 84 Cal. 239, 24 Pac. 114; Everdson v. Mayhew, 85 Cal. 1, 21 Pac. 431, 24 Pac. 382; Blinn v. Chessman, 49 Minn. 140, 32 Am. St. Rep. 536, 51 N. W. 666; Weihl v. Robertson, 97 Tenn. 458, 39 L.R.A. 423, 37 S. W. 274; David v. Williamsburgh City Ins.

Co. 83 N. Y. 265, 38 Am. Rep. 418; Barnard v. Schuler, 100 Minn. 289, 110 N. W. 966.

BURKE, J.  The facts in this case are not in dispute and may be summarized as follows:   A man named McCain went to the city of Fergus Falls, Minnesota, during the latter part of January, 1911, and assumed the name of Edward D. Bell.   Upon his arrival he registered at one of the hotels under the name of Bell, and opened negotiations with the First National Bank of that city for the rental of offices over the bank, which at his request were remodeled for his use.   Shortly after his arrival he was introduced to an attorney named Frankberg, who had resided in the town all his life and had been practising law for five or six years.   Shortly thereafter Bell was introduced to the plaintiff herein, Mr. Peterson, who had lived in the city about three years and was engaged in driving a bus from the said hotel to the railway station.   About this time, the daily newspapers contained notice that Edward D. Bell had decided to locate in the city and was opening offices in rooms 9 and 10, First National Bank Building.   Plaintiff states that upon Saturday, February 4, 1911, he was introduced to McCain under the name of Bell, although he had seen and heard of him before that time.   On the following Monday, the 6th, Bell told plaintiff that he had just bought 120 acres of hay land near the city, and offered to sell same to him at $16 per acre.   Plaintiff replied that he would pay $14 an acre for the tract, providing he would make as part payment a certain contract for Mexican lands in the sum of $750. This proposition was accepted by McCain, alias Bell, who went to the law office of Frankberg, and requested said attorney to prepare a blank form of deed running from one Francis M. Rose to himself, conveying the 120 acres in question.   Mr. Frankberg asked him his full name, and in reply was told that it was Edward D. Bell; that he had purchased the land from Mr. Rose, and was to meet Rose in Fargo, North Dakota, the next day by appointment, at which time Mr. Rose would sign and execute the deed.   Said attorney asked him if Mr. Rose was a married or single man, and received the reply that he was a widower, a recital of which fact was inserted in the deed.   When the deed was prepared McCain, alias Bell, took the same into his possession, proceeded by train to Fargo, North Dakota, and walked into the office of

defendant Mahon, who was a notary public. What occurred is told by Mr. Mahon himself as follows:

I thought he was another party. I thought he was Tim Francis, a fellow in town here.

Q. Did he state that his name was Francis M. Rose when you took the acknowledgment, or did he just ask you to take his acknowledgment?

A. He asked me if I would take his acknowledgment. I told him I would. We talked a few seconds, and I sat down and took the acknowledgment. I did not ask him whether his name was Francis M. Rose. He was alone when he came in. . . . I did not know this party at all. Never had seen him before.

With this forged deed in his possession, McCain returned to Fergus Falls, and told Peterson he was ready to close the deal. Mr. Peterson went to Attorney Frankberg, told him of the deal and asked him to examine the title to the tract. Mr. Frankberg went to the courthouse, examined the records, found that the title was in Francis M. Rose, and made some inquiry about the whereabouts of Rose, but only learned that he was not a resident of the county. He thereupon told Mr. Peterson that the title was all right and in Francis M. Rose. Thereafter Mr. Peterson and Mr. Bell went to the office of said attorney and asked him to draw a deed from Mr. Bell to Mr. Peterson, which Mr. Frankberg did, whereupon Mr. McCain, alias Bell, signed the name of Edward D. Bell. Mr. Frankberg, who was also a notary, took his acknowledgment, and Mr. Peterson paid over the sum of $920 in cash. It was shortly thereafter ascertained that the deed was a forgery, and McCain, alias Bell, was a swindler. Mr. Peterson brings this action against the notary and his bondsmen for the damage which he has sustained and which he placed at the sum of $930, the cash paid to Mr. Bell, who had not bothered with the Mexican contract. The foregoing facts were established without dispute upon the trial below, and at the close of the testimony each party moved for a directed verdict. The trial court ordered a verdict in favor of the plaintiff, and this appeal is from the resulting judgment. We can dispose of defendant's contentions under three heads: First, that his negligence, if any, was

27 N. D.—7.

a remote and not a proximate cause of the injury to plaintiff; second, that the respondent was guilty of contributory negligence as a matter of law; and, third, that in any event the question of his contributory negligence should have been submitted to the jury.

(1) We believe the evidence clearly establishes that defendant was grossly negligent, and this fact is not seriously disputed by appellant, who, however, insists that it was the deed from Bell to Peterson that proximately caused the injury. We do not see any merit in this contention. In the first place, the mere possession by Bell of the certificate from the notary Mahon, that Francis M. Rose had appeared before him and executed the deed to Edward D. Bell, and that he knew Mr. Rose to be the person described in the deed, was one of the strongest credentials producible to establish his identity and responsibility in the eyes of Frankberg and Peterson; and, in the second place, the deed from Rose to Bell, had it been genuine, together with a deed from Bell to plaintiff, would have passed perfect title regardless of the fact that Bell was an assumed name. Trankberg knew that the grantee in the first deed was the same and identical person who executed the second as grantor. It seems clear to us, therefore, that the action of defendant in certifying to a forged deed was the proximate cause of plaintiff's injury, and defendant must respond to him in damages unless excused by the contributory negligence of plaintiff himself.

(2) This brings us to the second proposition; namely, was Peterson guilty of such negligence that he should not be allowed to recover in this action? This question is closely allied with paragraph 1. Ordinarily the question of contributory negligence is for the jury unless the facts are not in dispute, in which case it becomes a question of law for the court. Defendant himself has invoked the ruling of the court upon this question by his motion for a directed verdict. In passing upon this question the trial court had before him the undisputed evidence in the case, from which it appeared that the plaintiff was a bus driver, presumably without much legal education or experience. The newspapers of the city had announced the arrival of a new real estate agent, who had taken a suite of offices in one of the principal buildings of the town. He had taken apartments at the hotel where plaintiff was himself staying. He had been introduced to plaintiff, by reputable business men, under the name of Bell. When the subject of the land

sale was brought up, plaintiff went to an attorney, told him the facts, and asked for an examination of the title, and was informed by the attorney that everything was all right and the title in Francis M. Rose, as claimed by Bell. When Bell returned from Fargo with the deed, he took the same to his attorney to have the transfer made and to protect him in his rights. The attorney examined the original records and the forged deed, which bore defendant's certificate, and even took the precaution to telephone to the register of deeds at the moment of paying over the money, to ascertain if any other instrument had been presented covering the tract of land. True, in the Rose deed, Bell's residence was described as St. Louis county, while in the deed executed from Bell to Peterson his residence was given as Otter Tail county, but Bell had evidently come from somewhere and had just located in Otter Tail county. St. Louis county contains the city of Duluth, and it would be possible for Bell to have resided there for considerable time without getting a commercial standing or even being registered in the directories.

We believe the trial court was justified in finding, as he did, that plaintiff had acted as an ordinarily prudent man would have acted under all the circumstances of the case, and was therefore not guilty of any negligence which contributed to his own injury. Appellant cites the case of Oakland Bank v. Murfey, 68 Cal. 455, 9 Pac. 843, but it differs very materially in its facts from the case at bar. In the California case, Harmon presented himself to the bank, with a forged deed very similar to the one in this case, but the bank officials made no inquiry as to his identity, and had no reason to rely upon his plain statement that he was Henry Harmon. Under those circumstances it was held that the bank was guilty of contributory negligence, but we doubt if the California court would have reached that conclusion had Harmon located in the town, opened up real estate office, and been introduced to the bank officials by reputable business men in whom they had a right to rely. In fact, in the case of Homan v. Wayer, 9 Cal. App. 123, 98 Pac. 80, the same state refused to hold plaintiff guilty of contributory negligence, because, as they say, there were no suspicious circumstances which would put an ordinarily prudent man upon his guard. See also: Joost v. Craig, 131 Cal. 504, 82 Am. St. Rep. 374, 63 Pac. 840; Kleinpeter v. Castro, 11 Cal. App. 83, 103 Pac. 1090;

State ex rel. Heitkamp v. Ryland, 163 Mo. 280, 63 S. W. 819; People use of Munson v. Bartels, 138 Ill. 322, 27 N. E. 1091, 152 Ill. 557, 38 N. E. 898; Samuels v. Brand, 119 Ky. 13, 82 S. W. 977; Wilson v. Gribben, 152 Iowa, 379, 132 N. W. 849; State use of Kleinsorge v. Meyer, 2 Mo. App. 413.

(3) Appellant contends that the court erred in taking from the jury the question of contributory negligence. Several answers can be made to this objection. First, there was absolutely no dispute as to the facts. Plaintiff and his attorney Frankberg were the only witnesses upon this question, and they were not contradicted in any particular. The testimony being certain, its legal effect was readily ascertainable by the court. Second, the defendant himself had moved the court to take this identical question from the jury and decide it as a matter of law. It seems inconsistent that he can now insist that it should have been submitted to the jury. See paragraph 6 of Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266, where the matter is exhaustively treated. Under the well-established rule therein announced, the ruling of the trial court was proper.

Other assignments in appellant's brief are fully answered by the foregoing principles. The action of the trial court was correct and is in all things affirmed.