[Civ. No. 661. Fourth Appellate District.—January 23, 1933.]

F. M. HUNGATE, Respondent, v. FRANK H. WELLS et al., Defendants; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Appellant.

Kelley & Hews for Respondent.

MARKS, J.—Respondent recovered judgment against appellant, who was surety on the notarial bond of defendant Wells. This is an appeal from the judgment on the judgment-roll.

It appears from the findings that J. C. Williams was the owner of real property in Riverside County; that Frank H. Wells was a notary public with appellant as his surety; that Wells entered into negotiations with respondent for a loan of $1,000 on the Williams property; that respondent gave Wells a check in the sum of $1,000 payable to a title company, which check was subsequently cashed; that for this money a note in the principal sum of $1,000, secured by a deed of trust, both instruments bearing the names of J. C. Williams and Mary E. Williams, his wife, as makers of the note and the deed of trust, was executed and delivered to respondent; that the deed of trust had attached to it the usual notarial certificate in words and figures as follows: "State of California, County of Riverside—ss. On this 13th day of January, 1931, before me, F. H. Wells, a

Notary Public in and for said County, personally appeared J. C. Williams and Mary E. Williams, husband and wife, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged they executed the same. Witness my hand and official seal. (Notarial Seal) F. H. Wells.''; that Williams and his wife did not sign either the mortgage or the note; that their names were signed to the documents by Wells for the purpose of defrauding respondent out of the sum of $1,000; that the statements in the certificate of acknowledgment were false and fraudulent; that Wells adopted the name of J. C. Williams as a fictitious name for the purpose of defrauding the respondent.

The bond executed by appellant for Wells contained the following proviso: ''Now, if the said F. H. Wells shall well, truly and faithfully perform all official duties required of him by law, and all such additional duties as may hereafter be imposed on him as such officer by any law of the State of California, then the above obligation to be void, otherwise to remain in full force and virtue.''

It is the sole contention of appellant that the findings of fact do not sustain the conclusions of law or support the judgment.

It has been repeatedly held in California that when a notary public assumes his office he is required to perform his duties with honesty, integrity, diligence and skill. His bond is executed for the purpose of protecting those who may suffer by his dishonesty and the bondsman is liable for damages resulting from the fraudulent acts of the notary committed in the performance of his duties. The notary and his surety are liable for the negligence of the notary in taking an acknowledgment or for making a false certificate of acknowledgment. (*Joost* v. *Craig,* 131 Cal. 504 [63 Pac. 840, 82 Am. St. Rep. 374]; *Anderson* v. *Aronsohn,* 181 Cal. 294 [184 Pac. 12, 10 A. L. R. 866].)

While the findings of fact are unnecessarily full, those to which we have referred amply support the conclusions of law and judgment. It is apparent from reading the findings that Wells conceived the scheme of defrauding respondent of the sum of $1,000 and in carrying out his plan forged the names of J. C. Williams and Mary E. Williams to the deed of trust and the promissory note and

executed a false notarial certificate which recited that J. C. Williams and Mary E. Williams were known to him to be the persons whose names were subscribed to the deed of trust, that they personally appeared before him and acknowledged to him that they had executed· the same. This certificate was false and was fraudulently used by Wells to defraud respondent out· of the sum of $1,000.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1933.