[Civ. No. 8819.   First Appellate District, Division One.—January 29, 1934.]

ETHEL   J.   LUTTRELL,   Respondent,   v.   COLUMBIA CASUALTY COMPANY (a Corporation), Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

Paul Helmore and Walter H. Robinson for Respondent.

KNIGHT, J.—The respondent, Mrs. Ethel J. Luttrell, was induced by one John J. MacArthur, a real estate agent and notary public in Mill Valley, Marin County, to make a loan of $1,000 on two lots in Mill Valley owned by W. C. Wright of Los Angeles, in consummation of which Mac-Arthur delivered to Mrs. Luttrell a deed of trust purporting to have been signed by the owner and his wife, and bearing MacArthur's notarial certificate of acknowledgment, wherein he certified that W. C. Wright and Ethel R. W. C. Wright, known to him to be the persons whose names were subscribed to said trust deed, had personally appeared before him and acknowledged to him that they executed said instrument. A cashier's check for the amount of the loan was delivered to MacArthur, who subsequently absconded, and thereafter his whereabouts was unknown. Following his disappearance Mrs. Luttrell discovered that the signatures attached to the deed of trust and the promissory note accompanying the same were forgeries, and that the recitals in the certificate of acknowledgment were wholly false; whereupon she brought this action upon the notary's official bond to recover the loss she had sustained and was awarded judgment against the appellant casualty company, as the surety on the bond. The contentions made by said company in furtherance of the appeal which it has taken from said judgment are that the evidence is insufficient to establish that the notary was guilty of any official misconduct or neglect, or that any official misconduct or neglect on his

part was the proximate cause of respondent's loss. The grounds urged are wholly without merit.

■ It has been repeatedly held in this state that under the provisions of section 801 of the Political Code the surety on the bond of a notary public is liable in damages to a party injured by a false certificate of acknowledgment. (*Heidt* v. *Minor*, 89 Cal. 115 [26 Pac. 627]; *Joost* v. *Craig*, 131 Cal. 504 [63 Pac. 840, 82 Am. St. Rep. 374]; *Kleinpeter* v. *Castro*, 11 Cal. App. 83 [103 Pac. 1090]; *Hungate* v. *Wells*, 129 Cal. App. 133 [18 Pac. (2d) 64].) As said in the case last cited, the facts of which are almost identical with those of the present case, when a notary public assumes office he is required to perform his duties with honesty, integrity, diligence and skill. His bond is executed for the purpose of protecting those who may suffer by his dishonesty, and the bondsman is liable for damages resulting from the fraudulent acts of the notary committed in the performance of his duty, such as the making of a false certificate of acknowledgment.

■ Appellant's argument that the evidence fails to impeach the recitals in said certificate is entirely unfounded. As pointed out by the decisions, the truthfulness of the recitals in a certificate of acknowledgment is a matter peculiarly within the knowledge of the notary public and in the nature of things difficult for the injured party to prove. It is held, therefore, that under these circumstances, and in order to shift the burden of proof on this issue the injured party is not required to produce more than slight evidence of the falseness of such recitals, and that the denial of the owner of the property that he ever signed or acknowledged any instrument affecting the property is legally sufficient to controvert such recitals, and to shift the burden of proof to the officer making the certificate. (*Kleinpeter* v. *Castro*, *supra*; *Joost* v. *Craig*, *supra*.) ■ In the present case the testimony of the owner shows that he knew MacArthur and had some conversation with him about the property; but he and his wife both testified positively that they knew nothing of the transaction involving the loan, that they had neither signed nor acknowledged any instrument whatever relating to the property, nor had they ever appeared before MacArthur for any such purpose; furthermore that they received no part of the money obtained on the loan. Their

testimony was not disputed, and therefore, under the foregoing authorities it was clearly sufficient to sustain the trial court's finding that said certificate of acknowledgment was false.

Appellant's claim that Mrs. Luttrell was guilty of contributory negligence which bars a recovery is likewise wholly unsupported. As held in *Joost* v. *Craig, supra,* and again in *Anderson* v. *Aronsohn,* 181 Cal. 294 [184 Pac. 12, 10 A. L. R. 866], a notarial certificate based upon personal knowledge is a guarantee of the genuineness of the instrument; and the following cases hold that the falseness of such a certificate constitutes the proximate cause of the injured party's loss. (*Kleinpeter* v. *Castro, supra; State ex rel. Matter* v. *Ogden,* 187 Mo. App. 39 [172 S. W. 1173].) The evidence here shows that after MacArthur solicited the loan and Mrs. Luttrell had inspected the property and agreed to lend the money, he presented to her for approval the proposed deed of trust, and stated he had to hurry back to his office because Mr. and Mrs. Wright were waiting there to sign it, and he returned shortly with the deed of trust and the promissory note bearing the purported signatures of the owner and his wife. Attached to the deed of trust was his notarial certificate of acknowledgment in due form, with his official seal affixed. MacArthur then accompanied Mrs. Luttrell to the bank, where she drew the money from her savings account, and from there they proceeded to the recorder's office in San Rafael where she handed to him the cashier's check covering the amount of the loan and he delivered to her the promissory note and the deed of trust. As was said in *Joost* v. *Craig, supra,* respondent had a right to rely upon the certificate and to presume without question that the notary had done his duty. No circumstance was brought to her attention which could have raised a suspicion to the contrary. There was nothing, so far as the evidence shows, which could have put a most prudent person upon inquiry.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1934, and an application by appellant to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.