[Civ. No. 9308.   First Appellate District, Division Two.—April 10, 1934.]

CHARLES A. COLE, Respondent, v. J. C. LADEVEZE et al., Defendants; NATIONAL SURETY COMPANY (a Corporation), Appellant.

Whitson & Sims for Appellant.

Louis, Quillan & Pool for Respondent.

NOURSE, P. J.—The plaintiff sued the defendant Ladeveze, a duly qualified notary public, for damages caused through a false certification of acknowledgment of a deed of trust and joined the defendant surety company which stood surety on the notary's bond. Plaintiff had judgment and the surety company alone has appealed on a typewritten judgment-roll.

The trial court found that the notary affixed his name and notarial seal to a purported acknowledgment of a purported deed of trust which the plaintiff took as security for the payment of a certain promissory note bearing the purported signatures of the two persons whose names were attached to the deed of trust; that both signatures to the purported deed of trust and to the promissory note were forged and were attached thereto without the knowledge or consent of the real persons who were the owners of the property which the deed of trust purported to convey; that the notary affixed his signature and seal to said acknowledgment without knowing whether said persons had signed their names thereto and without procuring any evidence or information as to their identity; that, acting upon said transactions, the plaintiff paid to the Citizens' Title Company, Inc., the sum of $850 and delivered therewith escrow instructions to pay the same to the persons whose names were signed to said deed of trust and promissory note upon delivery of certification of title; that the title company, relying upon the deed of trust as so executed and recorded and without independent investigation delivered to plaintiff a certificate of title which showed that the persons named therein were the owners of said property and thereupon paid the said sum of $850 to one who claimed to be an agent of the true owners. The trial court then found that the negligence of the notary was the proximate cause of the damage to plaintiff amounting to $850, with interest at the rate of twelve per cent as provided in said promissory note and attorney's fees and trustee's fees. Upon these findings the trial court gave plaintiff judgment for the sum of $1,089, plus the interest which he had become obligated to pay upon the note in the sum of $399.50.

As the appeal is taken on the judgment-roll alone, the only question involved is whether, as a matter of law, the

plaintiff was entitled to judgment upon these findings. ■ Having found that the negligence of the notary in affixing his name and seal to the acknowledgment was the proximate cause of the damage to plaintiff, judgment for the damage sustained by the plaintiff followed as matter of law under the settled rule of section 801 of the Political Code, which provides that for the official misconduct or neglect of a notary he and his surety are liable for all the damage sustained. This section is followed in *Joost* v. *Craig*, 131 Cal. 504, 509 [63 Pac. 840, 82 Am. St. Rep. 374], and *Anderson* v. *Aronsohn*, 181 Cal. 294, 297 [184 Pac. 12, 10 A. L. R. 866].)

■ It is argued that the judgment is against law because the trial court allowed plaintiff interest on the sum of $850 at twelve per cent from the time plaintiff paid out that sum. This is not the common case for unliquidated damages with interest running from the date of the judgment. Plaintiff was entitled to recover the damages suffered through the negligence of the notary in certifying to a false acknowledgment. These expenditures, together with attorney's fees and trustee's fees, made up the total monetary damage suffered by plaintiff. If any error occurred in the fixing of the damages sustained by the act complained of, it does not appear on the judgment-roll.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.