[Civ. No. 27351. Second Dist., Div. One. Dec. 17, 1963.]

IRVING S. GREENWALD et al., Plaintiffs and Respondents, v. UNITED STATES OF AMERICA, Defendant and Appellant.

Francis C. Whelan, United States Attorney, Loyal E. Keir, Richard G. Sherman and Herbert D. Sturman, Assistant United States Attorneys, for Defendant and Appellant.

Eugene E. Glushon for Plaintiffs and Respondents.

WOOD, P. J.—Defendant United States of America appeals from a summary judgment quieting plaintiffs' title to real property upon which defendant claimed a lien for unpaid taxes.

The first cause of action of the complaint alleges that: Since December 26, 1957, plaintiffs have been the owners of certain real property situated in Los Angeles, California. Defendants' claim to an adverse interest in the property is without any right, and that none of the defendants has any right, title or interest therein. The claims of Occidental Escrow Company and Sunset Investments, Inc., are false and fraudulent, and based in part upon a false and forged trust deed and promissory note purportedly executed by plaintiffs on January 3, 1958, in favor of John F. Firestone. The trust deed purports to convey legal title to the property to said escrow company, as trustee, to secure a purported indebtedness of $2,000 in favor of said Firestone. The trust deed was recorded March 27, 1961, in Los Angeles County. The beneficial interest under that deed was assigned by said Firestone to Sunset Investments, Inc., by assignment dated March 23, 1961, and recorded March 27, 1961. A copy of the trust deed, marked "Exhibit A," is attached to and made a part of the complaint. In fact the plaintiffs did not at any time make, sign, or acknowledge the alleged trust deed, nor did either of them execute the note, nor did either of them authorize any person so to do.

The second cause of action realleges the allegations of the first cause of action, and alleges further that: About June 26, 1961, plaintiffs received a notice of default and election to sell under the trust deed. Said notice, which referred to said real property, was recorded June 14, 1961, was given by said escrow company, as trustee, and was executed by said assignee, Sunset Investments, Inc. By reason of the recording and giving of said notice of default, the trustee threatens to sell the property. Defendant trustee and defendant assignee have been advised that the deed is false, fraudulent, and forged, but they have refused to recognize the claims of plaintiffs, and unless those defendants are enjoined by the court from so doing, they will proceed to sell the property before the action can be heard.

The prayer of the complaint is for a decree quieting plaintiffs' title, and ordering that the trust deed and note be delivered to and cancelled by the court.

The answer of defendant United States alleges that it has

no information or belief sufficient to enable it to answer the allegations of the complaint and on that ground it denies the same, except as set forth in the following allegations. Defendant alleges that it has liens on the subject property. A delegate of the Secretary of the Treasury assessed against the defendant and taxpayer, John F. Firestone, federal taxes for the year 1958 in certain amounts (therein specified). Said defendant Firestone paid a certain amount of said assessment, leaving a balance of $4,443.97 due and unpaid. On February 20 and May 14, 1959, notices of tax lien were filed in the office of the recorder of Los Angeles County, pursuant to provisions of the Internal Revenue Code, which notices show that said balance is due and unpaid.

The prayer of the answer is that the real property be sold and the proceeds be applied in accordance with the priorities of the parties as determined by law.

On July 17, 1962, plaintiffs filed a notice of motion for summary judgment against defendant United States and in favor of plaintiffs.

A declaration of plaintiff Irving Greenwald, filed in support of the motion, states: He and his wife, plaintiff Gloria Greenwald, purchased said real property on December 26, 1957, from John F. Firestone. Neither of the plaintiffs signed said trust deed or said note. The signatures thereon are forged. At the time plaintiffs purchased the property they assumed a trust deed in the amount of $14,700 in favor of the Los Angeles Federal Savings and Loan Association, and also a trust deed in the amount of $4,750 in favor of John F. Firestone. The beneficial interest under the second trust deed was assigned to John and Frankie Dargavel by an assignment recorded on December 30, 1957, and since that date John F. Firestone has not had any right, title, or interest in said real property. If called as a witness at the trial, declarant will testify to the foregoing facts.

A declaration of Eugene Glushon, the attorney for plaintiffs, filed in support of the motion, states: About June 30, 1961, he retained Harris and Harris, examiners of questioned documents, who have been recognized as handwriting experts, and who have testified as expert witnesses regarding the genuineness of documents in all the courts of this state and county. He (declarant) has submitted to Harris and Harris photostatic copies of the alleged forged trust deed and note, and he also submitted to them documents containing the true signatures of plaintiffs. John L. Harris, a member of the firm

of Harris and Harris, has submitted to declarant a written report indicating that he has compared the signatures on the trust deed and note with the genuine signatures of plaintiffs, and he is of the definite opinion that the signatures on the trust deed and note are not genuine and were not signed by plaintiffs or either of them. The trust deed bears "acknowledgment executed by Iva Shaljian," a notary public. On October 25, 1961, declarant commenced an action on behalf of these plaintiffs against said notary public for damages resulting from false acknowledgment on the trust deed. The notary admits in her answer that the plaintiffs did not personally appear before her on January 3, 1958, or at any other time, and that the acknowledgment was not made on the date it bears. The beneficial interest under the alleged forged trust deed was assigned by John F. Firestone to Sunset Investments, Inc., on March 23, 1961, which assignment was recorded on March 27, 1961. On June 15, 1962, summary judgment was entered in this case in favor of plaintiffs and against defendant Sunset Investment, Inc., to the effect that defendant Sunset has no right, title, or interest in said real property.

A declaration of John L. Harris, in support of the motion, states: He has been engaged in the profession of handwriting analysis for thirty years, and has testified as an expert handwriting witness in the federal court, the superior court, and other courts in Los Angeles County. He is past president of the American Society of Questioned Document Examiners. About June 30, 1961, he was employed by Eugene Glushon to examine a note and trust deed, dated January 3, 1958, purportedly executed by plaintiffs Greenwald to secure an indebtedness of $2,000 in favor of John F. Firestone. He received photostatic copies of said instruments and compared the signatures thereon with signatures of plaintiffs appearing on certain checks and an executed copy of escrow instructions dated November 25, 1957. He is of the definite opinion that Irving and Gloria Greenwald signatures appearing on the note and trust deed are not genuine and were not signed by the persons who executed the checks and contract submitted to him for comparison purposes. He would so testify at the trial.

Defendant United States filed an opposition to the motion, stating therein that it opposes the motion for the following reasons: The controlling question is factual rather than legal. If in fact neither plaintiff executed the trust deed and note,

and such instruments were executed by their agent at their request and they benefitted therefrom, then the plaintiffs are bound by the terms of the trust deed and note.

An affidavit of Richard G. Sherman, one of the attorneys for defendant United States, filed in opposition to the motion, states: As a result of a preliminary investigation into the facts of this case, he received the following information from individuals questioned in regard thereto: If it is a fact that the plaintiffs did not sign the trust deed and note, then the deed and note were signed by one acting as their agent, at their request, and with their full knowledge. The plaintiffs have taken advantage of the benefits of the trust deed by acquiring title to the property which is the subject of this suit, and that without the note and trust deed they never would have been able to obtain title to said property.

The court granted the motion of plaintiffs to strike the answer of said defendant and to enter judgment for plaintiffs.

The judgment, entered October 8, 1962, decreed: That plaintiffs were during all the time mentioned in the complaint, and presently are, the owners of said real property. That the claim of the defendant United States is without any right, and said defendant has no right, title, interest, or claim in said property, and said defendant is enjoined from claiming or asserting any interest in, or lien upon, said property. That the alleged trust deed and note, purportedly executed by plaintiff are forged documents; and it is ordered that they be delivered to and cancelled by the court.

Appellant contends that the recorded trust deed creates a presumption of its genuineness, due execution, and delivery; and that this presumption can only be rebutted by evidence before a trier of fact and not on motion for a summary judgment.

Appellant's asserted lien is based upon its claim, as evidenced by notices of lien filed with the recorder, that John F. Firestone, who was delinquent in paying federal taxes, had an interest in said trust deed and note.

"When a signature is forged ... it is wholly inoperative, and no right to retain the instrument, ... or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery...." (Civ. Code, § 3104.)

Section 437c of the Code of Civil Procedure provides, in

part: "The affidavit or affidavits in opposition to said motion [for summary judgment] shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action ... or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto." (See *Estate of Kelly*, 178 Cal.App.2d 24, 29 [2 Cal.Rptr. 634].)

In the present case, the declaration of plaintiff Mr. Greenwald states that neither plaintiff signed the trust deed or note, and that the signatures thereon are forged. The declaration of a handwriting expert, who was qualified to give an opinion as to the genuineness of signatures, states that he is of the definite opinion that the signatures on the deed and note are not the signatures of the plaintiffs. The declaration of counsel for plaintiff states that the notary public, who took "the acknowledgment" of signatures on the trust deed, admitted in her answer to the complaint against her, that the plaintiffs herein did not personally appear before her. It thus appears that the declarations on behalf of plaintiffs herein contain definite statements of fact that the signatures on the trust deed and note are forged. ■ It is apparent that the affidavit of one of the attorneys for appellant (which affidavit was filed in opposition to the motion) does not state facts, with particularity or generality, within the affiant's personal knowledge to the effect that the signatures are genuine signatures of the plaintiffs. That affidavit states that as a result of an investigation, the affiant received information that if it is a fact that plaintiffs did not sign the deed and note, then those documents were signed by someone acting as plaintiffs' agent, at their request, and with their knowledge. It is clear that statement is not a statement of facts from which a conclusion can be drawn that the signatures were made by such an agent or any agent of plaintiffs. That statement is hearsay and is a conclusion. In *Maltby* v. *Shook*, 131 Cal.App.2d 349 [280 P.2d 541], an affidavit in opposition to a motion for summary judgment contained statements to the effect that affiant believed that Shook had authority as agent to endorse checks. The court, in holding that the affidavit was insuffi-

cient, said (p. 353): ''He [affiant] merely asserts his belief that Shook had such authority. Such belief, without more, is not competent testimony but a mere opinion or conclusion.'' In the present case, there was no showing by affidavit or at all that there was an agency, or that plaintiffs or either of them had done anything which would preclude them (under the last provision of said section 3104) from setting up the forgery as a defense against appellant's claim of lien. ██ As stated in *Nizuk* v. *Gorges*, 180 Cal.App.2d 699, 710 [4 Cal.Rptr. 565], in quoting from a federal case: ''The appellants were not entitled to a denial of the motion [for summary judgment] merely on the basis of a hope that some evidence might develop at the trial.''

As above indicated, appellant argues that since the acknowledged and recorded trust deed creates a presumption of its genuineness, there was an issue of fact to be tried; and that it was for the trier of fact to determine whether the forgery evidence relied on by plaintiffs outweighs or overcomes such presumption of genuineness relied on by appellant. Although plaintiffs challenged the validity or genuineness of the acknowledgment by declaring that the deed and note were forged, no affidavit was filed by appellant setting forth any fact with particularity or at all regarding any circumstance pertaining to the taking of the acknowledgment. A question therefore arises as to whether, under the circumstances here, the form of the acknowledgment and the recording of the trust deed by reason of such form create a presumption that constitutes a ''substantial defense'' to plaintiffs' action, as required by said section 437c, *supra*. A declaration filed by plaintiffs stated, as above shown, that the notary public admitted in her answer, to a complaint against her, that the plaintiffs did not personally appear before her. Other declarations filed by plaintiffs contained statements that they did not sign the trust deed or note, and that those documents were forged.

In *Luttrell* v. *Columbia Casualty Co.* 136 Cal.App. 513, 515 [28 P.2d 1067], it was said: ''[T]he truthfulness of the recitals in a certificate of acknowledgment is a matter pecularly within the knowledge of the notary public and in the nature of things difficult for the injured party to prove. It is held, therefore, that under these circumstances, and in order to shift the burden of proof on this issue the injured party is not required to produce more than slight evidence of the falseness of such recitals, and that the denial of the owner of

the property that he ever signed or acknowledged any instrument affecting the property is legally sufficient to controvert such recitals, and to shift the burden of proof to the officer making the certificate." As above stated, the appellant in the present case did not file an affidavit regarding the circumstances pertaining to the taking of the acknowledgment.

■ Under the circumstances here, especially in view of the lack of an affidavit on behalf of appellant in support of the presumption, after plaintiffs directly challenged the genuineness of the signatures and the acknowledgment, the court could properly conclude that the appellant had not set forth facts showing that it had a good and substantial defense.

The court did not err in granting the motion for summary judgment.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.